JEAN L. McKEE *v*. MORTON H. WALKER

SUPERIOR COURT    FAIRFIELD COUNTY AT STAMFORD    FILE NO. 536

Memorandum filed December 2, 1958

*Cummings & Lockwood,* of Stamford, for the plaintiff.

*Shapiro & Belinkie,* of Bridgeport, for the defendant.

ROBERTS, J. In this case, which is an action claiming malpractice, the plaintiff moves for production and inspection as to insurance coverage. Besides claiming as one of the reasons therefor the desire to know whether she will be in a position to recover if she obtains a judgment, because of the limited value of her present attachment, the plaintiff also claims as "an even more compelling reason why the policy should be produced is that the complaint alleges a violation of Section 4552 of the General Statutes of Connecticut [Rev. 1949] on the part of

the defendant," and then this latter is followed up with the claim that if upon disclosure a policy of insurance is produced which does not cover a violation of that statute, the plaintiff might desire to eliminate from her complaint a violation of the statute as one of her grounds of action.

On the subject of disclosure of insurance in general and also on the first reason advanced by the plaintiff in this case, reference may be had to the memorandum on the question of insurance coverage, this day filed, in *Verrastro* v. *Grecco,* 21 Conn. Sup. 165, as applicable to this case. The objections in the instant case and those in the *Verrastro* case were heard at the same short calendar. It was agreed that citations would be submitted which could be considered by the court in both cases. This has been done. The second reason advanced by the plaintiff in this case, in regard to reaching a determination of whether to include or exclude from her complaint a violation of § 4552 (as amended, Cum. Sup. 1955, § 2273d) as a ground of action, is certainly not a sound or sufficient reason or cause for seeking production or disclosure. The facts of the situation, which would be known to the plaintiff, should determine whether such a cause of action under the statute existed and whether it should be pursued. The wording of an insurance policy should not determine this. The court does not believe that it was ever intended under our rules to hold such a reason a "good cause" for ordering production or disclosure.

For the reasons stated, the defendant's objection to the plaintiff's motion for production and inspection is sustained and the motion denied and the order thereon rescinded.