**George Oliver LANGLOIS, Adm'r, Estate of Norman Joseph Langlois,**

v.

**James Hobart ALLEN.**

**Civ. No. 8820.**

United States District Court
D. Connecticut.

March 1, 1962.

Suisman, Shapiro & Wool, by Francis J. Pavetti, New London, Conn., for plaintiff.

Gordon, Muir & FitzGerald, by William P. Aspell, Hartford, Conn., for defendant.

BLUMENFELD, District Judge.

The plaintiff seeks damages for the death of his decedent arising out of an automobile accident which occurred in the Bahamas; and, in connection therewith, has filed a request under Rule 33 F.R.Civ.P., 28 U.S.C.A. for answers as to whether or not the defendant was covered as an assured under an auto liability insurance policy on the date of the accident; and, if so, what was the monetary limit of coverage on liability for bodily injury and death with respect to each person injured or killed in any given accident. The plaintiff stresses the practical utility of this informaton in evaluating his claim and for settlement negotiating purposes. By direct reference in the second paragraph of Rule 33 F.R.C.P., interrogatories may relate to any matters which can be inquired into under Rule 26(b) F.R.C.P. Under Rule 26(b), the test is relevancy of questions to the subject matter involved in the present action:

"Interrogatories are designed to discover evidence for possible use at the trial, and, by narrowing the issues, to expedite the trial. Aktiebolaget Vargos v. Clark, D.C., 8 F.R.D. 635. The range of inquiry permitted by Rule 33 of the Rules of

Civil Procedure, 28 U.S.C.A., is governed by the limitation that the matters be relevant to the subject matter of the action, and the standard of relevancy contemplated is not used in the sense of admissibility of evidence at a trial. U. S. v. Columbia Steel Co., D.C., 7 F.R.D. 183; Gutowitz v. Pennsylvania R. Co., D.C., 7 F.R.D. 144. A test is whether the testimony sought may reasonably be expected to lead to the discovery of admissible evidence, Rule 26(b) of the Rules of Civil Procedure." Provisional Government of French Republic v. Tower's Warehouse, 11 F.R.D. 291, 292 (S.D.N.Y.1951).

See also: Engl v. Aetna Life Insurance Co., 139 F.2d 469, (2 Cir., 1943); Lewis v. United Air Lines Transport Corp., 27 F.Supp. 946 (D.Conn.1939).

Divergent views have been expressed concerning the relevancy of information disclosed by an insurance policy issued to a defendant; some courts denying discovery of such information; and others allowing it. A discussion of several of these, disclosing the rationale adopted to support each view, appears in the 1961 Supplement, Vol. 4, of Moore's Federal Practice on p. 58 under nn. 7 and 8 to p. 1066 in the text; and others are cited in the opinion of Judge Timbers in Novak v. Good Will Grange No. 127, 28 F.R.D. 394 (D.Conn.1961), where he granted discovery of public liability, fire and other insurance policies in a case where the defendant denied that it was in possession and control of the building in which the plaintiff was injured as the result of falling down stairs. The relevancy which the existence of such insurance policies had upon the issue of possession and control of the building appears most pertinently in that case. Although Judge Timbers held "that discovery of insurance information is relevant to the subject matter of this negligence action", the plaintiff contends that the case holds that a plaintiff in every negligence suit should be entitled to discovery of a de-

fendant's liability policy. I do not read it as reaching so far beyond the particular facts of the case he had before him.

The interrogatories here bear no such relevance to the subject matter involved in the present action. Neither the ownership nor the right to possession and control of the offending automobile is in issue. Where, in an earlier case, a plaintiff, for the same reasons expressed here by this plaintiff, also sought knowledge of the policy limits, the absence of relevance was noted by Judge Smith, now Circuit Judge, in June R. Flynn et al. v. Calvin J. Williams, Civil No. 7212, 30 F.R.D. 66 (D.Conn.), as follows:

"There is much force in the practical argument, but the information sought is beyond the scope of discovery under the rule, for it is not relevant to any present issue in the action between plaintiffs and this defendant, nor can it conceivably lead to discovery of evidence on any present issue. Rule 34, F.R.C.P. Gallimore v. Dye, E.D.Ill., 21 F.R.D. 283, McClure v. Boeger, E.D.Pa., 105 F.Supp. 612, McNelley v. Perry, E.D. Tenn.N.Div., 18 F.R.D. 360, see contra Orgel v. McCurdy, S.D.N.Y., 8 F.R.D. 585, Brackett v. Woodall Food Products, E.D.Tenn.S.Div., 12 F.R.D. 4."

and Judge Smith's concluding sentences:

"Of course, issues may be raised on supplementary proceedings after verdict to which the information might be relevant. The motion to produce is denied without prejudice."

negates the plaintiff's contention that relevancy may be found from the facts that Connecticut has a financial responsibility statute, Conn.Gen.Stats., § 14–112 et seq. (Rev. of 1958), and that, after judgment, the plaintiff may have rights against an insurance company under the provisions of Conn.Gen.Stats., § 38–175 (Rev. of 1958).

The financial status of the defendant is never a relevant determinant in an

ordinary negligence case. Whether the defendant will be able to satisfy any judgment which might be obtained against him for damages has no relevancy to whether any judgment for damages should be rendered against him. Verrastro v. Grecco, 21 Conn.Sup. 165, 149 A. 2d 703 (1958); McKee v. Walker, 21 Conn.Sup. 168, 149 A.2d 704 (1958).

The defendant's objections to the interrogatories are sustained.