No. 44,652

JUDITH MUCK, Administratrix of the Estate of Arthur Muck, Deceased, *Plaintiff*, v. O. Q. CLAFLIN, III, Judge 29th Judicial District, First Division, *Defendant*.

(419 P. 2d 1017)

Opinion filed November 5, 1966.

*Leonard O. Thomas*, of Kansas City, argued the cause, and *Lee E. Weeks, J. D. Lysaught, Richard Millsap, Robert H. Bingham, Ervin G. Johnston, Miles D. Mustain* and *Roger D. Stanton*, all of Kansas City, were with him on the briefs for the plaintiff.

*Bill E. Fabian*, of Kansas City, argued the cause, and *Leo Moroney*, County Attorney, was with him on the briefs for the defendant.

A brief of *amicus curiae* was filed by the American Insurance Association, American Mutual Insurance Alliance and National Association of Independent Insurers for the plaintiff.

A brief of *amicus curiae* was filed by the Kansas Trial Lawyers Association for the defendant.

The opinion of the court was delivered by

HATCHER, C.: This is an original proceeding in mandamus brought for the purpose of compelling the district judge to set aside his order directing the plaintiff to answer certain interrogatories as to liability insurance in an automobile accident case.

The facts are not in dispute.

An action was brought by a father and mother for injuries to themselves and for the death of their infant daughter as the result of an automobile collision. Two other separate actions were brought growing out of the same accident—one for a serious and permanent head injury and the other for the deaths of an adult and a minor child.

In each of the three cases the plaintiffs were different but the defendants were the same. The defendants were the present plaintiff, Judith Muck, Administratrix of the Estate of Arthur Muck, deceased, General Motors Corporation and Van Chevrolet Company. Arthur Muck, deceased, was charged with negligent operation of his Chevrolet automobile and the other two defendants were charged with liability for defective products and failure to inspect.

After the cases were transferred from the probate court to the district court the issues were framed and discovery commenced. During the course of discovery the following interrogatories were propounded by the plaintiffs to Judith A. Muck, Administratrix:

"Interrogatory No. 1: At the time of the death of the decedent, Arthur Muck, was the vehicle which he was driving covered by policy of liability insurance?

"Answer:

"Interrogatory No. 2: If answer to Interrogatory No. 1 is in the affirmative, was said policy subject to the motor financial responsibility laws of the State of Kansas?

"Answer:

"Interrogatory No. 3: If answer to Interrogatory No. 1 is in the affirmative, state whether the company issuing said policy of insurance is defending this action.

"Answer:

"Interrogatory No. 4: If answer to the foregoing Interrogatory is in the affirmative, state name and address of the insurance company defending this action.

"Answer:

"Interrogatory No. 5: If the decedent had liability insurance coverage, state the applicable limits of insurance contained in said policy.

"Answer:"

Objections were filed to the interrogatories. The trial court overruled the objections and gave the administratrix 45 days in which to provide answers to the interrogatories. The defendant administratrix then filed this original petition for mandamus. The substance of her prayer for relief is to the effect that the trial judge be

ordered to withdraw his order requiring answers to the interrogatories.

The question is before this court on a motion for summary judgment on the undisputed facts.

The defendant in the instant case challenges the right of plaintiff to bring the action contending that—

"An original proceeding for mandamus is not available to a party seeking to contest a discretionary order of the trial court with regard to answers to interrogatories."

Confusion arises in the use of the words "discretionary order." Although the plaintiff confuses such phrases as "unlawful discretion" and "refusal to obey the law" in her petition, it is clear that she is challenging the trial court's statutory authority rather than its discretion to require disclosure of liability insurance by interrogatories.

If the trial court had discretionary authority to require or refuse to require the answers to the interrogatories propounded then its discretion cannot be controlled by mandamus. (*Gray v. Jenkins,* 183 Kan. 251, 326 P. 2d 319.) However, if the trial court was without authority under the discovery statutes to require the answers, and there was no remedy by appeal, mandamus may properly be invoked. Where a litigant has a right or privilege as a matter of law and there is no other remedy this court will entertain a mandamus action to protect it. We have held that mandamus may be invoked to compel the granting of a jury trial. (*Cloonan v. Goodrich,* 161 Kan. 280, 167 P. 2d 303; *State Highway Commission v. Hembrow,* 190 Kan. 742, 378 P. 2d 62.)

In the instant case the plaintiff would not have a remedy by appeal because she would have irretrievably disclosed the amount of the insurance coverage and no order of this court on appeal could erase the knowledge from the mind of any interested party.

This court should not refuse to entertain original proceedings in mandamus where it is the only remedy and necessary to comply with the provisions of K. S. A. 60-2101 (*b*), which reads:

"The supreme court shall have jurisdiction to correct, modify, vacate, or reverse any act, order, or judgment of a district court in order to assure that any such act, order or judgment is just, legal, and free of abuse."

Defendant also contends that plaintiff cannot maintain the action because she is not the real party in interest in the mandamus pro-

ceeding. He suggests that it is the insurer, The Farm Bureau Mutual Insurance Company, that is the real party in interest.

We cannot agree with defendant's contention. The insurer no doubt has some interest in the question presented; however, it is the insured or his representative that has the legal interest. The insured entered into the insurance contract for his own protection; the amount of the coverage was controlled by him; the interrogatories were addressed to the insured's representative; it was the insured's representative that refused to answer, and it was the insured's representative that the trial court ordered to answer.

We must conclude that, considered from any legal approach, the insured's representative was the real party in interest for the purpose of instigating the instant action.

Arriving at the legal issue presented on the merits we find a simple question, *i. e.,* did the trial court have authority to order disclosure of insurance coverage in response to the interrogatories?

In addition to the fact that we are dealing with the limited issue of what must be disclosed in answer to interrogatories the plaintiff has further limited the issue by withdrawing its objection to disclosing the name and address of the insurer. Plaintiff states:

"The plaintiff in her petition for declaratory relief by way of mandamus in order to present the issues clearly and openly, stated that an ordinary automobile insurance policy was issued by the Farm Bureau Mutual Insurance Co., Inc. of Manhattan, Kansas, to the decedent, Arthur T. Muck, and that the plaintiff is insured pursuant to the terms of that policy. This information thereby makes the plaintiff's objection to Interrogatory No. 4 asking for the name and address of the insurance company a moot point and will not be briefed or argued in these proceedings. . . ."

Both parties have based their arguments on the single question of requiring disclosure of the amount or limit of coverage under the liability policy.

The decisions concerning the discovery of liability insurance or policy limits are in irreconcilable conflict. The federal district courts are in conflict on the question as are the courts of the various states. This holds true as to the federal district courts of this state and the district courts of this state.

Judicial precedent will furnish little aid in determining the question. We must look to the statutes relating to the discovery. The statute providing for special interrogatories to parties, K. S. A. 60-233, insofar as material to the immediate question, reads:

"Any party may serve upon any adverse party written interrogatories to be

answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. . . .

"*Interrogatories may relate to any matters which can be inquired into under section 60-226 (b)*, and the answers may be used to the same extent as provided in section 60-226 (d) for the use of the deposition of a party. . . ." (Emphasis supplied.)

We must, therefore, look to K. S. A. 60-226 (b) for the purpose of determining whether liability insurance limits are a proper matter to be inquired into in an action for personal injury. The subsection reads:

"Unless otherwise ordered by the court as provided by section 60-230 (b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. A party shall not require a deponent to produce, or submit for inspection any writing prepared by, or under the supervision of, an attorney in preparation for trial."

The provision was adopted from Rule 26 (b) of the Federal Rules of Civil Procedure. The Kansas provision is the same as the federal rule except for the last sentence which was added by the Kansas Legislature.

Those authorities who favor discovery of insurance or policy limits suggest:

". . . The only issues to be tried in such an action are those pertaining to the liability of the insured (e. g., negligence, proximate cause, contributory negligence, extent of injuries). Once this judgment has been obtained, a proceeding against the insurance company is provided for in most states, and in this proceeding the facts concerning insurance are admissible on trial and fully discoverable before trial. Plaintiff, however, wants to know early in the first action whether there is insurance and what the policy limits are for two reasons: (1) As a rule a judgment of this kind is collectible only if there is insurance, and if the judgment will not be collectible it is usually not worth while to pursue the action further. (2) The settlement value of the case will usually be very much affected by the fact of insurance and, if there is insurance, by the amount of coverage (policy limits). These are legitimate reasons from plaintiff's point of view. Moreover, the social interest will be served by the giving of information which will facilitate settlement and enable plaintiff to make an intelligent judgment whether it is worth while to pursue litigation. Defendant and his insurer seems to have no legitimate counterinterest in

concealment, and indeed the information under discussion is given voluntarily in most cases. . . ." (Civil Procedure by Fleming James, Jr., § 6.11, p. 214.)

The reasons given are matters of expediency rather than legal reasons. The question is whether the rules are capable of an interpretation which will provide compulsory discovery for plaintiff's convenience on matters outside the issues in the action.

Those who would permit the discovery of policy limits in accident cases, while admitting that the only issues to be tried are those pertaining to the negligence of the insured and the extent of the injuries, suggest that the provision goes further than the discovery of evidence and that the policy limits are "relevant to the subject matter" because after judgment it is relevant to recovery on the judgment.

We cannot agree with this broad interpretation. The purpose of the discovery statutes was to discover evidence. As has been stated, the Federal Rule of Civil Procedure, 26 (b) was adopted by this state. That rule was amended in 1948 by adding the sentence:

"It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

We must assume that the purpose of the amendment was to broaden the provision, not to limit it. If interrogatories were admissible prior to the amendment for purposes other than the discovery of evidence, why did the amendment limit the interrogatories to those reasonably calculated to lead to the discovery of admissible evidence?

The purpose of the discovery provision and the 1948 amendment is made clear by the notes of the Advisory Committee to the United States Supreme Court. The Advisory Committee note reads:

"Note to Subdivision (b). The amendments to subdivision (b) make clear the broad scope of examination and that it may cover not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to the discovery of such evidence. The purpose of discovery is to allow a broad search of facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case. . . . [Citations omitted.] In such a preliminary inquiry admissibility at trial should not be the test as to whether the information sought is within the scope of proper examination. Such a standard unnecessarily curtails the utility of discovery practice. Of course, matters entirely without bearing either as direct evidence or as leads to evidence are not within the scope of inquiry, but to the extent that the examination develops useful information, it functions

successfully as an instrument of discovery, even if it produces no testimony directly admissible. . . ." (F. C. A. Rules, Civil Procedure, Rule 26 note, p. 270.)

The note leaves no doubt that the discovery was to be limited to direct evidence for use at the trial or inquiries into matters which, although inadmissible, may lead to the discovery of admissible evidence.

The law of this state specifically prohibits evidence of insurance in the trial of a negligence case. K. S. A. 60-454 reads:

"Evidence that a person was, at the time a harm was suffered by another, insured wholly or partially against loss arising from liability for that harm is inadmissible as tending to prove negligence or other wrongdoing."

In *Coffman v. Shearer,* 140 Kan. 176, 181, 34 P. 2d 97, we stated:

". . . It would appear that in a damage suit for personal injury the inadmissibility of such testimony [liability insurance] and of the trial court's duty to exclude it is no longer a subject of fair debate in this jurisdiction. And not only so, but it is only when such testimony gets into the record inadvertently that its admission can be cured by a peremptory order of the court to strike it out and for the jury to disregard it. . . . Where it has been deliberately brought into the case the presumption is that it was done to influence the jury improperly, and a mistrial should be declared. . . ."

Under the guise of liberal construction we should not emasculate the discovery rules by permitting something which never was intended or is not within the declared objects for which they were adopted. Neither should expedience or the desire to dispose of lawsuits be permitted to cause us to lose sight of the limitations of the discovery rules or the boundaries beyond which we should not go. Although relevancy to the subject matter for discovery purposes should be distinguished from relevancy to issues involved for determining admissibility, K. S. A. 60-226 (*b*) certainly requires that the matter sought to be discovered be reasonably calculated to lead to the discovery of admissible evidence.

Information which can have no possible bearing on the determination of the action on its merits can hardly be within the rule. It is not intended to supply information for the personal use of a litigant that has no connection with the determination of the issues involved in the action on their merits. There is nothing contained in the pleadings or in the contentions of the parties indicating that information pertaining to insurance or insurance coverage will have anything whatsoever to do with the trial of any of the three lawsuits concerned herein. Information of the nature requested could not

be "reasonably calculated to lead to the discovery of admissible evidence."

Whatever advantages the plaintiff might gain are not advantages which have anything to do with the presentation of his case at trial and do not lead to disclosure of the kind of information which is the objective of discovery procedure. We think that to grant discovery of policy limits would be to unreasonably extend discovery procedure beyond its normal scope and would not be justified. If this form of discovery is to be allowed, there should be an amendment of the discovery statutes by an authorized body rather than a change by way of judicial construction.

Defendant suggests that the policy limits should have been disclosed because of the extraordinary and exceptional circumstances of the three cases growing out of the same accident and against the same defendants.

It is sufficient to state that K. S. A. 60-226 (*b*) contains no exceptions. The interrogatories must be for the purpose of obtaining admissible evidence or calculated to lead to the discovery of admissible evidence.

It will be understood that our decision is based on the facts before us. We should not be understood as stating that discovery through the contents of a liability insurance policy is never proper under K. S. A. 60-233 and 60-226 (*b*). Such interrogatories would be proper if they were reasonably calculated to lead to the discovery of admissible evidence. It should also be noted that what is said here is limited to the single issue of discovery of policy limits under K. S. A. 60-233 and 60-226 (*b*).

Judgment will be entered for the plaintiff and the trial court is directed to set aside its order of March 4, 1966, in case No. 22264-B requiring disclosure of liability insurance policy limits.

APPROVED BY THE COURT.

Fatzer, J.: dissenting.