GREAT AMERICAN INSURANCE COM-
PANY et al., Relators,

v.

The Honorable Robert R. MURRAY et al.,
Respondents.

No. B–1170.

Supreme Court of Texas.

Jan. 29, 1969.

Wiley & Plumb, Dayton G. Wiley, Lagerquist, Shaw & Davis, John Shaw, San Antonio, for relators.

Putman & Putman, Richard G. Strong, Solomon Casseb, Jr., San Antonio, for respondents.

## ORIGINAL WRIT OF MANDAMUS

POPE, Justice.

Great American Insurance Company, Alamo Steel Builders, Inc., and Alamo Engineering Corporation, relators, seek a writ of mandamus ordering Robert R. Murray, Judge of the 45th Judicial District Court of Bexar County, to vacate his order which commanded them to disclose the policy limits in an insurance policy issued by Great American and which policy may have covered Alamo Steel and Alamo Engineering. The relators are entitled to the writ of mandamus.

On January 13, 1968, Jack Weakley, who was driving a pickup truck, and Richard H. Schneider, who was driving another pickup truck, collided. Both drivers died as a result of injuries sustained in the accident, and others who were riding in the Schneider vehicle were also killed or injured. On June 17, 1968, Great American filed a suit for declaratory judgment and named as defendants Mrs. Jack Weakley, Alamo Steel Builders, Inc., Alamo Engineering Corporation and others. Great American asked the court to decree that its policy did not provide coverage for claims arising out of the accident except as to its named insured. Specifically, it alleged that its policy afforded no coverage for Jack Weakley because he was on a mission of his own and was driving without the permission of the owners of the vehicle. It alleged also that its policy did not cover Alamo Engineering Corporation. Both Mrs. Weakley and Alamo Engineering Corporation have demanded that Great American defend them against claims arising out of the accident which Great American says it is not obligated to do. The declaratory judgment suit is pending.

Schneider's widow and children, joined by other plaintiffs, then filed suit against Weakley's estate, Alamo Steel, and Alamo Engineering. Their petition alleged that Weakley was in the course of his employment for Alamo Steel and Alamo Engineering and that he had permission to drive the vehicle which the two corporations had entrusted to him.

Some of the defendants in the suit for declaratory judgment, filed a motion for discovery under Rule 167, Tex. Rules Civ. Proc., and asked that Great American be compelled to produce its insurance policy including the policy limits. The trial court ordered the disclosure. Great American furnished a copy of its policy but blocked out those portions which showed the policy limits, and with a contempt order imminent, filed this suit for mandamus to order the trial judge to vacate his order that Great American must also disclose the policy limits.

The relevant parts of Rule 167 are: "Upon motion * * * showing good cause therefor * * * the court * * * may order any party to produce * * * documents * * *, not privileged, which constitute or contain evidence material to any matter involved in the action * * *." We hold that the amount of insurance coverage is not a matter material to the issues in the declaratory judgment suit.

■ Great American's policy obligates it to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages. No action exists against the insurer, under its policy, until the insured's obligation to pay has been finally determined "either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." Under such a policy a third party's right of action against the insurer does not arise until he has secured such an agreement or a judgment against the insured. Moxon v. Ray, 125 Tex. 24, 81 S.W.2d 488 (1935); Bluth

v. Neeson, 127 Tex. 462, 94 S.W.2d 407 (1936).

One's ability to satisfy a judgment ordinarily is not evidence that is material to any matter involved in or arising out of a tort action, at least in advance of trial. Missouri, K. & T. R. Co. of Tex. v. Hannig, 91 Tex. 347, 43 S.W. 508 (1897); Coca Cola Bottling Co. of Fort Worth v. Tannahill, 235 S.W.2d 224 (Tex.Civ.App. 1950, writ ref.). Accordingly, "[i]t is ordinarily immaterial whether one or all of the parties involved in an automobile collision carry indemnity insurance." Ex parte Jones, 160 Tex. 321, 331 S.W.2d 202, 204 (1960).

These general principles support relators' contention that the amount of insurance carried by an alleged tort-feasor is immaterial. Respondents, however, assert some specific reasons that such information is material in this instance. Respondents argue that the policy limits are essential to the proof that the amount in controversy in the declaratory judgment action is within the jurisdiction of the district court. Great American alleged in the declaratory judgment suit that the underlying suit for personal injuries and death seeks damages in excess of $400,000 and the cost of investigating an accident of such magnitude will exceed the sum of $500.01. It alleged that counsel fees which it must pay to defend that action will be more than $500.00. The petition adequately asserts jurisdictional amounts.

Respondents also argue that the amount of the policy coverage has materiality on the credibility of those who will testify on behalf of Alamo Steel and Alamo Engineering. The respondents argue: If the policy limits are high, the defendants in the underlying personal injury and death action would be safely protected against high damages and would be less inclined to dispute the claimants' contention that Weakley was in the course of his employment with Alamo Steel and Alamo Engineering and was driving with their per-

mission. If, on the other hand, the policy limits are low, there may be greater danger that they might bear part of the damages and they would be motivated to dispute the issues on scope of employment and permission or color their testimony.

The credibility of witnesses is a matter which is evaluated by a court or a jury sitting as a fact and truthfinder. If the amount of insurance coverage is a fact which is material to the credibility of one charged as a tort-feasor, its materiality must lie in the fact that the one who obtains the information contemplates presenting the fact to the factfinder to assist in the evaluation of a witness' credibility.

Upon precedent and principle, the contention that the amount of insurance coverage is a material issue in tort litigation has been rejected in Texas and in most other jurisdictions. The argument suggests and would lead to a rule that risk follows one's ability to pay rather than fault. In a case such as the underlying personal injury and death action, the true issues are those of liability or fault and the extent of the claimants' injuries and damages. If the amount of insurance limits are material to such an action it would be for the reason that the emphasis of the tort action has been shifted from the pleaded issues to the unpleaded matter of one's financial resources with which he could satisfy a judgment.

The great weight of authority has refused to shift this emphasis. Di Pietruntonio v. Superior Court, 84 Ariz. 291, 327 P.2d 746 (1958); McKee v. Walker, 21 Conn.Sup. 168, 149 A.2d 704 (1958); Verrastro v. Grecco, 21 Conn.Sup. 165, 149 A.2d 703 (1958); Ruark v. Smith, 1 Storey 420, 147 A.2d 514 (Del.1959); Brooks v. Owens, 97 So.2d 693 (Fla.1957); Y.M.C.A. of Metropolitan Atlanta, Inc. v. Bailey, 107 Ga.App. 417, 130 S.E.2d 242 (1963); Sanders v. Ayrhart, 89 Idaho 302, 404 P.2d 589 (1965); Muck v. Claflin, 197 Kan. 594, 419 P.2d 1017 (1966); Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649 (1955);

State ex rel. Hersman v. District Court of Sixth Judicial Dist., 142 Mont. 139, 381 P.2d 799 (1963); State ex rel. Bush v. Elliott, 363 S.W.2d 631 (Mo.1963); Mecke v. Bahr, 177 Neb. 584, 129 N.W.2d 573 (1964); State ex rel. Allen v. Second Judicial Dist. Court, 69 Nev. 196, 245 P.2d 999 (1952); Hardware Mut. Casualty Co. v. Hopkins, 105 N.H. 231, 196 A.2d 66, 13 A.L.R.3d 817 (1963); Goheen v. Goheen, 9 N.J.Misc. 507, 154 A. 393 (1931); Gold v. Jacobi, 52 Misc.2d 491, 276 N.Y.S.2d 309 (1966); Walker v. Allstate Ins. Co., 7 Ohio App.2d 85, 219 N.E.2d 61 (1966); Carman v. Fishel, 418 P.2d 963 (Okl.1966); Peters v. Webb, 316 P.2d 170 (Okl.1957); Howell v. Spatz, 14 Pa.Dist. & Co.R.2d 295 (1958); Bean v. Best, 76 S.D. 462, 80 N.W.2d 565 (1957).

A few jurisdictions have held that the amount of coverage is material in automobile accident cases. Miller v. Harpster, 392 P.2d 21 (Alaska 1964); Smith v. Superior Court of San Joaquin, 189 Cal.App.2d 6, 11 Cal.Rptr. 165, 88 A.L.R.2d 650 (1961); Lucas v. District Court of Pueblo County, 140 Colo. 510, 345 P.2d 1064 (1959); People ex rel. Terry v. Fisher, 12 Ill.2d 231, 145 N.E.2d 588 (1957); Maddox v. Grauman, 265 S.W.2d 939, 41 A.L.R.2d 964 (Ky.1954); Ellis v. Gilbert, 19 Utah 2d 189, 429 P.2d 39 (1967).

The Federal District Courts are in confusion, but most of the decisions do not allow discovery of policy limits. See, 13 A.L.R.2d 822. The Federal District Courts within Texas are in conflict. Vetter v. Lovett, 44 F.R.D. 465 (W.D.Tex.1968) allowed discovery of policy limits, but Wood v. Todd Shipyards, 45 F.R.D. 363 (S.D.Tex.1968) disallowed it. The leading Federal decision which permitted the discovery is Johanek v. Aberle, 27 F.R.D. 272 (D.C. Mont.1961). Johanek and the decisions cited above from California, Colorado, Illinois, and Kentucky have been distinguished, however, upon the grounds that those jurisdictions permit direct actions against the insurer or there was some enabling statutory provision which made the

injured third party an immediate third party beneficiary instead of after judgment. State ex rel. Allen v. Second Judicial District Court, 69 Nev. 196, 245 P.2d 999 (1952); Cooper v. Stender, 30 F.R.D. 389 (E.D.Tenn.1962).

The trial bar is in sharp division. Compare 10 American Trial Lawyers Association News Letter 125 (1967) with 35 Insurance Counsel Journal 53 (1968). The commentators are also in disagreement. See, Vol. 2A Barron and Holtzhoff, Federal Practice and Procedure § 647.1 (Wright Ed.1961).

The purposes of the discovery rule have been summarized as follows:

"(1) To narrow the issues, in order that at the trial it may be necessary to produce evidence only as to a residue of matters which are found to be actually disputed and controverted.

"(2) To obtain evidence for use at the trial.

"(3) To secure information as to the existence of evidence that may be used at the trial and to ascertain how and from whom it may be procured, as for instance, the existence, custody and location of pertiment documents or the names and addresses of persons having knowledge of relevant facts." 2A Barron and Holtzhoff, Federal Practice and Procedure, § 641 (Wright Ed.1961).

■ The presence or absence of resources out of which a future judgment may be enforced is not material to the purposes for which discovery may be employed. The Supreme Court of Minnesota in Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649 (1955) in rejecting the materiality of an insured's policy limits wrote:

"If the amount of insurance coverage is discoverable under these rules, we see no reason why the defendant cannot be made to disclose the extent of his property as well. * * *

"Judge Kirkpatrick in McClure v. Boeger, D.C.E.D.Pa., 105 F.Supp. 612, 613 recognized this fact when he said:

" '* * * every argument that could be made in favor of requiring the disclosure could also be made in favor of compelling a defendant in any civil case, tort or contract, to furnish the plaintiff with full information as to his financial resources, and, in the case of an individual, as to the extent of his private fortune.' "

We assume the respondent judge will vacate that part of his discovery order which requires relators to disclose the amount of liability insurance provided in the insurance policy in question. Writ of mandamus will issue only if he refuses to do so.

McGEE, J., not sitting.