TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00073-CV






Kathleen Erin Long, Appellant



v.



James V. Long, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 95-02472, HONORABLE JERRY DELLANA, JUDGE PRESIDING






 In early 1995, appellant Kathleen Erin Long filed a petition for divorce from appellee James
V. Long. Following a nonjury trial, a final decree of divorce was signed. Kathleen challenges the divorce
decree in three points of error, contending that the trial court abused its discretion in (1) appointing her and
James joint managing conservators of their two children, (2) refusing to allow her to amend her pleadings
ten days before trial, and (3) expressly awarding James the federal income tax exemption for one of the
children. We will modify the trial court's judgment and affirm it as modified.


FACTUAL AND PROCEDURAL BACKGROUND

 Kathleen and James were married in 1988. Their marriage was not a happy one, and
Kathleen filed her Original Petition for Divorce on February 28, 1995. She filed an Amended Petition on
April 19, 1996, and a Second Amended Petition on April 22, 1996. On July 5, 1996, ten days before
trial, Kathleen filed a Third Amended Petition. In this petition Kathleen requested for the first time that a
quit-claim deed she had signed during the marriage, and any other transfer of interest attributed to her
during the marriage, be declared void due to mental duress or undue influence. At the beginning of the trial,
James claimed surprise and moved the trial court to strike the petition. The trial court struck the Third
Amended Petition and tried the case under Kathleen's Second Amended Petition.

 At trial, Kathleen introduced both live and deposition testimony intended to show that
James was an alcoholic and had been abusive to her throughout the marriage. She also attempted to prove
that James had not been an attentive or caring father to their two children. Following the trial, the court
signed a decree that appointed Kathleen and James as joint managing conservators of the children and
ordered that Kathleen and James each be allowed to claim one of the children as a dependent for federal
income tax purposes.


DISCUSSION

 All three of Kathleen's points of error claim that the trial judge abused his discretion in
different respects. A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner,
or without reference to any guiding rules or principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223,
226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986). This Court may not reverse for abuse of discretion merely because we
disagree with a decision of the trial court. Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d at 242. 
Furthermore, in a nonjury trial the credibility of the witnesses and the weight to be accorded their testimony
is left to the trial judge. Great Am. Ins. Co. v. Murray, 437 S.W.2d 264, 266 (Tex. 1969); Toungate
v. Toungate, 529 S.W.2d 247, 249 (Tex. App.--Austin 1975, no writ).

 In her first point of error, Kathleen asserts that the trial court abused its discretion in naming
Kathleen and James joint managing conservators of the children. Kathleen argues that, because she
presented uncontroverted evidence of violence by James against her during the marriage, the Texas Family
Code prohibited the trial court from creating a joint managing conservatorship. We note initially that the
Family Code establishes a presumption in favor of the appointment of parents as joint managing
conservators. Tex. Fam. Code Ann. § 153.131(b) (West 1996). However, section 153.004 of the Family
Code provides that the court is to "consider evidence of the intentional use of abusive physical force by a
party against the party's spouse," and further provides that the trial court may not appoint a joint managing
conservatorship "if credible evidence is presented of a history or pattern of past or present . . . physical .
. . abuse by one parent directed against the other parent." Tex. Fam. Code Ann. § 153.004 (West 1996).

 In arguing that the trial judge was obligated to accept her evidence as true, Kathleen is
asking this Court to rule that she proved physical abuse as a matter of law. The evidence of physical abuse
presented by Kathleen consisted of her own testimony and that of a friend of hers. The testimony of
Kathleen's friend was that although she thought she may have been present once when James struck
Kathleen, she did not actually see any contact. This testimony does not conclusively prove that James
struck Kathleen on that occasion, nor does it prove a "history or pattern" of abuse by James. Kathleen's
own testimony is that of an interested witness, and as such could establish a fact conclusively only if it
"could be readily contradicted if untrue, and [was] clear, direct and positive, and there [were] no
circumstances tending to discredit or impeach it." Lofton v. Texas Brine Corp., 777 S.W.2d 384, 386
(Tex. 1989). Kathleen's testimony does not meet the strict requirements set forth in Lofton. Portions of
her testimony contained inconsistencies, and other areas of her testimony were unclear. We conclude the
trial judge could reasonably have found that the evidence presented on this issue was not of such weight
or credibility as to prove Kathleen's contentions concerning physically abusive behavior by James.

 Moreover, even if we were to accept her testimony as true, we do not think it conclusively
demonstrated the "history or pattern" of physical abuse that is required before the trial judge is prohibited
from appointing a joint managing conservatorship. See Tex. Fam. Code Ann. § 153.004(b) (West 1996). 
The phrase "history or pattern" is not defined in the Family Code, nor have we found case law defining
"history or pattern" as it is used in the Code. We therefore give the terms their ordinary meaning. See
Code Construction Act, Tex. Gov't Code Ann. § 311.011 (West 1988). We do not think the instances
of contact raised by Kathleen's testimony are enough to conclusively prove a history or pattern of abuse. 
The trial judge could reasonably conclude that there was not a history or pattern of abuse, and he was
therefore not barred by section 153.004(b) from appointing a joint managing conservatorship. We overrule
point of error one.

 Kathleen contends in her second point of error that the trial court erred in striking her Third
Amended Petition. Parties are allowed to amend their pleadings any time up to within seven days of trial
without leave of court, unless that amendment operates as a surprise to the opposing party. Tex. R. Civ.
P. 63. The right to amend is subject to the opposing party's right to show surprise. Porter v. Nemir, 900
S.W.2d 384, 385 (Tex. App.--Austin 1995, no writ). Absent a showing of an abuse of discretion, a trial
court's decision to strike an amended pleading will not be overturned. Hardin v. Hardin, 597 S.W.2d
347, 349-50 (Tex. 1983). In Porter, this Court upheld a trial court's decision to strike a plaintiff's
amended pleadings that had been filed twelve days before trial. Porter, 900 S.W.2d at 385. The factors
this Court noted in reaching its decision were: (1) the amount of time that had passed between the filing
of the original petition and the amended petition; (2) how close to trial the amendment was filed; (3)
whether a new cause of action was introduced by the amendment; (4) whether the cause of action raised
by the amendment was based on matters known by the plaintiff at the time of the filing of the suit; and (5)
whether the defendant alleged surprise because he was not prepared to defend against the late claim. Id.
(citing Stevenson v. Koutzarov, 795 S.W.2d 313, 321 (Tex. App.--Houston [1st Dist.] 1990, writ
denied)). These are merely examples of the kinds of factors a trial court should consider when deciding
whether an amendment acts as a surprise on the opposing party.

 In the present case, Kathleen's Third Amended Petition was filed a full sixteen months after
her Original Petition, ten days before trial, with opposing counsel receiving notice on a Friday afternoon
before a weekend during which he would not be in town. The amended pleading raised a new cause of
action, claiming duress as grounds to set aside any conveyance of property interests by Kathleen during
the marriage. This new cause of action was based on matters known to Kathleen at the time she filed the
suit and when she filed each of the earlier petitions. Finally, James did allege surprise, asserting that he was
not prepared to defend against attacks on any conveyances of property made by Kathleen during the
marriage. Under these circumstances, Porter is squarely on point. Considering the factors mentioned
above, we conclude that the trial court acted within its discretion in striking the Third Amended Petition.

 Kathleen asserts in her final point of error that the trial court abused its discretion in
awarding James the federal income tax exemption for one of the children. James concedes this point, and
we therefore sustain point of error three.


CONCLUSION

 We hold that the trial court acted within its discretion in appointing Kathleen and James as
joint managing conservators of their two children; based on the evidence presented at trial, the court could
reasonably conclude that there was not a history or pattern of physical abuse. The trial court also acted
within its discretion in striking Kathleen's Third Amended Petition. James conceded that the trial court
abused its discretion in awarding James the tax exemption for one of the children. We therefore modify
the divorce decree to delete any award of a federal tax exemption. As modified, the decree is affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Modified and, as Modified, Affirmed

Filed: November 20, 1997

Do Not Publish



ot think it conclusively
demonstrated the "history or pattern" of physical abuse that is required before the trial judge is prohibited
from appointing a joint managing conservatorship. See Tex. Fam. Code Ann. § 153.004(b) (West 1996). 
The phrase "history or pattern" is not defined in the Family Code, nor have we found case law defining
"history or pattern" as it is used in the Code. We therefore give the terms their ordinary meaning. See
Code Construction Act, Tex. Gov't Code Ann. § 311.011 (West 1988). We do not think the instances
of contact raised by Kathleen's testimony are enough to conclusively prove a history or pattern of abuse. 
The trial judge could reasonably conclude that there was not a history or pattern of abuse, and he was
therefore not barred by section 153.004(b) from appointing a joint managing conservatorship. We overrule
point of error one.

 Kathleen contends in her second point of error that the trial court erred in striking her Third
Amended Petition. Parties are allowed to amend their pleadings any time up to within seven days of trial
without leave of court, unless that amendment operates as a surprise to the opposing party. Tex. R. Civ.
P. 63. The right to amend is subject to the opposing party's right to show surprise. Porter v. Nemir, 900
S.W.2d 384, 385 (Tex. App.--Austin 1995, no writ). Absent a showing of an abuse of discretion, a trial
court's decision to strike an amended pleading will not be overturned. Hardin v. Hardin, 597 S.W.2d
347, 349-50 (Tex. 1983). In Porter, this Court upheld a trial court's decision to strike a plaintiff's
amended pleadings that had been filed twelve days before trial. Porter, 900 S.W.2d at 385. The factors
this Court noted in reaching its decision were: (1) the amount of time that had passed between the filing
of the original petition and the amended petition; (2) how close to trial the amendment was filed; (3)
whether a new cause of action was introduced by the amendment; (4) whether the cause of action raised
by the amendment was based on matters known by the plaintiff at the time of the filing of the suit; and (5)
whether the defendant alleged surprise because he was not prepared to defend against the late claim. Id.
(citing Stevenson v. Koutzarov, 795 S.W.2d 313, 321 (Tex. App.--Houston [1st Dist.] 1990, writ
denied)). These are merely examples of the kinds of factors a trial court should consider when deciding
whether an amendment acts as a surprise on the opposing party.

 In the present case, Kathleen's Third Amended Petition was filed a full sixteen months after
her Original Petition, ten days before trial, with opposing counsel receiving notice on a Friday afternoon
before a weekend during which he would not be in town. The amended pleading raised a new cause of
action, claiming duress as grounds to set aside any conveyance of property inter