IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____
Summary Calendar
No. 02-50273
_____


In The Matter Of: BORDER STEEL ROLLING MILLS INC;
METAL PROCESSING INC

                                        Debtors

_____

        MANUEL ROMERO


                                        Appellant

            v.

        BORDER STEEL ROLLING MILLS INC;
        METAL PROCESSING INC

                                        Appellees

_____

Appeal from the United States District Court
for the Western District of Texas
No. EP-01-CV-65-GTE
_____
November 20, 2002

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Appellant Manuel Romero appeals the Order entered by the

District Court for the Western District of Texas affirming the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

bankruptcy court's Order on Motion of Manuel Romero for Reconsideration of Order Dismissing Motion to Modify Injunction and To Reopen Case which denied Romero's request to modify a bankruptcy reorganization plan so that Romero could continue to pursue a lawsuit against the debtor. We reverse the district court's order and remand to the district court with instructions to remand to the bankruptcy court with instructions to enter an order modifying the injunction to permit Romero's suit against the debtor to continue in state court.

I.   FACTS AND PROCEDURAL BACKGROUND

On March 4, 1993, Appellees Border Steel Rolling Mills, Inc. ("Border") and Metal Processing, Inc., as debtors, jointly filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Prior to that date, Romero had filed a suit in Texas state court against Border arising out of a workplace accident that cost Romero both of his legs. Romero's suit was pending at the time Border filed for bankruptcy. On March 17, 1993, Romero filed a motion to lift the automatic stay in bankruptcy so that he could continue his litigation against Border. The court granted that motion. For unknown reasons, Romero did not file a proof of claim in the bankruptcy proceeding.

The bankruptcy court approved a Plan of Reorganization on October 22, 1997. Pursuant to that plan, all of Border's assets were purchased by a third party, and substantially all of the proceeds from that sale have been distributed to the claim

2

holders who were the beneficiaries of the plan. Because Romero did not file a proof of claim, he was not listed among the creditors with allowed claims to the debtor's proceeds. However, the plan did mention Romero's claim (as well as other pending personal injury claims), stating that:

> Debtors are non-subscribers to the Texas Workers Compensation laws. In lieu of workers compensation insurance, Debtors carry employer's indemnity insurance with deductible amounts that have ranged between $25,000 and $250,000. Debtors must pay the deductible and then the employer's indemnity policies indemnify the Debtors for amounts exceeding the deductible up to the maximum policy limits. Debtors believe they are adequately insured against any liabilities that may result from the employee lawsuits.

The plan also provided that the bankruptcy court would retain jurisdiction over all matters relating to the reorganization. Included in this jurisdiction is the power to "correct any defect, cure any omission or reconcile any inconsistency in this Plan or Confirmation Order which may be necessary or helpful to carry out the purposes and intent of this Plan."

As part of the reorganization plan, the bankruptcy court entered an injunction prohibiting any creditor holding a Claim (defined as it is in § 101(5) of the Bankruptcy Code) from taking any action or continuing any action against Border. Although the effect of the discharge of Romero's claim is to preclude him from collecting against Border, Romero is concerned that this injunction may have halted all proceedings in Romero's suit against Border. To clarify the situation, on December 13, 2000,

3

Romero filed a Motion to Modify Injunction in bankruptcy court. Romero recognized that he was not able to collect from Border; instead, he sought payment from Border's indemnity insurer for the amount allowable above the deductible under the policy. Romero asserted that he wanted to continue his action against Border only as a "nominal" defendant, for the sole purpose of establishing the original existence of liability for Romero's injuries. The bankruptcy court dismissed Romero's motion, finding that the Bankruptcy Code lacked a provision for the "modification or 'lifting' of this injunction." The court stated that "modification of the injunction effectively modifies the plan," an act which is expressly proscribed by 11 U.S.C. § 1127.

Romero filed a Motion for Reconsideration in the bankruptcy court, urging the same modification of the injunction. The court, while stating that the latter motion had helped clarify what Romero wanted, reaffirmed its prior decision. The court concluded that "Romero must simply live with the plan as written, and hope that he is nonetheless permitted, as a matter of law, to still sue the insurance company." Romero appealed to the district court, which affirmed the bankruptcy court's ruling. The district court, while recognizing the harshness of the result, agreed that no statutory basis existed under Chapter 11 for the modification of a reorganization plan that has been "substantially consummated." Romero appeals that decision to this court, raising essentially the same issues.

4

II.  MODIFICATION OF CHAPTER 11 INJUNCTIONS

We review the district court's decision by applying the same standards of review that the district court applied to the bankruptcy court's decision.  In re Crowell, 138 F.3d 1031, 1033 (5th Cir. 1998).  A bankruptcy court's conclusions of law are reviewed de novo.  Id.  As the facts in this case are undisputed, an issue of law remains:  whether Romero's proposed modification of the injunction to permit his suit to continue under these unique circumstances qualifies as a Chapter 11 "modification."

Romero does not dispute that the discharge injunction may not be modified once the plan is substantially consummated.  11 U.S.C. § 1127(b) (2000).  Instead, he argues that, because Border is effectively only a nominal defendant since he will be unable to collect from Border itself, continuing his state court suit will not do any violence to the plan or diminish the assets available for Border's other creditors.  In other words, he argues that modifying the injunction solely for the purpose of permitting him to continue his suit does not rise to the level of a "modification" that would be prohibited by § 1127(b).

We agree.  First, we note that Romero effectively seeks only the ability to pursue Border's insurers and recover money owed under the employment indemnity policy for what are serious injuries.  Where a creditor seeks recovery against a debtor's liability insurance proceeds, we have previously held that those insurance proceeds are not assets or property of the estate.  In

re Edgeworth, 993 F.2d 51, 55-56 (5th Cir. 1993) ("When the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate."). As such, Romero's suit will not be depriving the beneficiaries of the plan of assets which might otherwise be used to satisfy their claims.[1]

Second, the bankruptcy court originally lifted the stay to permit Romero's suit to proceed. It is difficult to see why, given that Romero recognizes that the discharge injunction will preclude him from collecting from the estate or the reorganized debtor, the logic that supported that decision would not equally support permitting his suit to continue now. Perhaps in recognition of that fact, the bankruptcy court, in its Order on Motion of Manuel Romero for Reconsideration of Order Dismissing Motion to Modify Injunction and to Reopen Case, said:

> To the extent that the plan permits Romero to pursue a "direct action" proceeding against the insurance carrier (and to the extent Texas law permits such an action), Romero does not need a modification of the plan. He can simply file his lawsuit. If the plan does not make provision for such an action, Romero might try suing the insurance company directly anyway, and needs no special permission from the court to do so, because the insurance company is not the debtor in this case.

---

[1] Our view is confirmed by the debtor's response to this suit. In its response to Romero's brief in the district court, Border noted that Romero "has agreed with [Border] that it will not seek any distribution against the bankruptcy estate, the reorganized Debtor or the purchaser, Border Steel, Inc. . . . Due to the fact that [Border] has no economic interest in the proceeding, [we] wish[] to be relieved of the responsibility of further participation in this appeal." Border filed no response brief in Romero's appeal to our court.

6

However, Texas law prohibits a third-party beneficiary to an insurance policy from bringing a direct action against an insurer until the insured's liability and obligation to pay have been "finally determined 'either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.'"  See Great Amer. Ins. Co. v. Murray, 437 S.W.2d 264, 265 (Tex. 1969).  Thus, if Romero is not permitted to continue his suit against Border and obtain a judgment indicating liability, he may be unable to collect from the insurer.

The injunction issued as part of the plan specifically gave the bankruptcy court jurisdiction to "correct any defect, cure any omission, or reconcile any inconsistency . . . which may be necessary or helpful to carry out the purposes and intent of the plan."[2]  Given that the plan specifically recognized that Romero's personal injury claim existed and noted that Border had insurance to deal with the claim for amounts owed above the deductible, the bankruptcy court here should have modified the injunction to carry out the intent and purpose of the plan.  What Romero proposes will not take proceeds away from plan creditors, nor will it force Border or the court to alter the substance of the plan to accommodate Romero's suit.

---

[2]  This provision is authorized by § 1142(b), which permits the bankruptcy court to "direct the debtor and any other necessary party . . . to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan."

III.    CONCLUSION

To further the intent and purposes of the plan, the bankruptcy court should have lifted the injunction to permit Romero to continue his suit against Border.  Therefore, we REVERSE the district court's Order and REMAND to the district court with instructions to remand to the bankruptcy court with instructions to enter an order modifying the injunction to permit Romero to continue to pursue his claim against Border in state court.  Costs shall be borne by the appellees.