(CONSOLIDATED)

No. 46,295

Lee Cropp, an Individual, and Elmer E. Fox, et al., d/b/a Elmer Fox and Company, a partnership, *Plaintiffs-Petitioners*, v. Frederick Woleslagel, Judge 20th Judicial District, Division No. 1, *Defendant-Respondent*.

No. 46,294

Norman A. Grooms, *Plaintiff-Petitioner*, v. Frederick Woleslagel, Judge 20th Judicial District, Division No. 1, *Defendant-Respondent*.

No. 46,342

Lester L. Valentine, *Plaintiff-Petitioner*, v. Frederick Woleslagel, Judge 20th Judicial District, Division No. 1, *Defendant-Respondent*.

(485 P. 2d 1271)

Opinion filed June 12, 1971.

*Edward G. Collister, Jr.,* Assistant Attorney General, argued the cause, and

*Vern Miller,* Attorney General, was with him on the brief for the defendant-respondent.

*J. Eugene Balloun,* of Turner and Balloun, Chartered, of Great Bend, argued the cause, and *Lee Turner* of the same firm was with him on the brief for the plaintiffs-petitioners.

*Payne H. Ratner, Jr.,* of Wichita, was on the brief for the Kansas Trial Lawyers Association, *amicus curiae.*

The opinion of the court was delivered by

KAUL, J.: This is an original proceeding in mandamus wherein plaintiffs ask us to issue a peremptory writ directing the defendant to rescind an order made at a pretrial conference directing plaintiffs to disclose the policy limits of their liability insurance.

The issue is identical in all three of the above entitled cases and the parties have stipulated that the decision in No. 46,295 will be controlling.

Plaintiffs herein are defendants in an action pending in the District Court of Russell County. The action was brought to recover damages for injuries suffered in an automobile accident.

Plaintiffs claim the order referred to amounted to an abuse of discretion by defendant and a wrongful invasion of their rights in that it was in direct conflict with this court's holding in *Muck, Administratrix v. Claflin,* 197 Kan. 594, 419 P. 2d 1017. As grounds for resort to the extraordinary remedy of mandamus against a district judge, plaintiffs claim they have no remedy in district court or by way of appeal.

At this point, we should pause to reiterate that ordinarily the exercise of a trial court's discretion cannot be controlled by mandamus. (See *Muck, Administratrix v. Claflin, Syl.* ¶ 1, *supra.*). This court does not propose to undertake the task of monitoring trial courts at the pretrial or discovery stage of litigation or of rendering advisory opinions whenever the propriety of pretrial inquiry arises. We held in *Muck* that mandamus will be invoked only when an order of the trial court denies a litigant a right or privilege which exists as a matter of law and there is no remedy by appeal.

As we have indicated, the main thrust of plaintiffs' contention is that the issue here is controlled by our decision in *Muck.*

Defendant, on the other hand, contends that our decision in *Muck* dealt specifically and solely with the scope of discovery under K. S. A. 60-226 (*b*) as applied to interrogatories under K. S. A.

60-233. Defendant says that since the issue here was framed at a pretrial conference pursuant to K. S. A. 60-216 it is that statute which is determinative rather than 60-226 (*b*). Defendant points out that the pretrial conference procedure indicated in 60-216 is obviously much broader than the discovery procedure contemplated in 60-226 (*b*).

Following the filing of this action, and after several conferences with counsel for both parties, this court by order dated March 17, 1971, narrowed the issue to this question:

"Does a district court, at a pretrial conference pursuant to K. S. A. 60-216, have the power to order that the defendant make disclosure of his liability insurance policy limits?"

We shall first direct our attention to plaintiffs' contention that the *Muck* decision controls the question presented here.

In *Muck* we simply held that the plain language of 60-226 (*b*), viewed in the light of K. S. A. 60-454 (inadmissibility of liability insurance to prove negligence or other wrongdoing), compelled our conclusion that dollar limits of a policy of liability insurance did not constitute direct evidence for use at the trial, nor could the disclosure thereof be reasonably calculated to lead to the discovery of admissible evidence. (See *Muck, Administratrix v. Claflin, Syl. ¶ 3, supra.*)

K. S. A. 60-226 (*b*), which is substantially the same as Federal Rule 26 (*b*) (1) (28 U. S. C. A.), reads as follows:

"(*b*) *Scope of examination.* Unless otherwise ordered by the court as provided by section 60-230 (*b*) or (*d*), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. A party shall not require a deponent to produce, or submit for inspection any writing prepared by, or under the supervision of, an attorney in preparation for trial."

K. S. A. 60-454 reads:

"Evidence that a person was, at the time a harm was suffered by another, insured wholly or partially against loss arising from liability for that harm is inadmissible as tending to prove negligence or other wrongdoing."

Since evidence of liability insurance is specifically declared to be inadmissible—as tending to prove negligence—it logically follows

that discovery of policy limits could not possibly be calculated to lead to the discovery of admissible evidence. This premise compelled our holding in *Muck*.

However, our holding in *Muck* was expressly limited to the issue framed by the trial court's rulings pertaining to interrogatories under K. S. A. 60-233, the scope of which is controlled by 60-226 (*b*). On this point we stated in the opinion:

"It will be understood that our decision is based on the facts before us. We should not be understood as stating that discovery through the contents of a liability insurance policy is never proper under K. S. A. 60-233 and 60-226 (*b*). Such interrogatories would be proper if they were reasonably calculated to lead to the discovery of admissible evidence. It should also be noted that what is said here is limited to the single issue of discovery of policy limits under K. S. A. 60-233 and 60-226 (*b*)." (p. 601.)

In view of the express limitation of our holding in *Muck* and because 60-216, by its own terms, appears to be much broader than the precise statutory limitations present in the discovery statutes, the majority of this court conclude that our holding in *Muck* is not determinative of the issue presented here.

A pretrial conference in this jurisdiction is authorized by K. S. A. 60-216 which sets forth the scope and purposes thereof. In pertinent part it reads as follows:

"In any action, the court shall on the request of either party, or may in its discretion without such request, direct the attorneys for the parties to appear before it for a conference to consider:

"(1) The simplification of the issues;

"(2) The trial of issues of law the determination of which may eliminate or affect the trial of issues of fact;

"(3) The necessity or desirability of amendments to the pleadings;

"(4) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

"(5) The limitation of number of expert witnesses;

"(6) The advisability of a preliminary reference of issues to a master;

"(7) *Such other matters as may aid in the disposition of the action.*" (Emphasis supplied.)

K. S. A. 60-216 is substantially the same as parallel Rule 16 of the Federal Rules of Civil Procedure (28 U. S. C. A.). There is one significant difference, *i. e.,* the holding of a pretrial conference is made mandatory on request of either party under 60-216, whereas it is permissive under the Federal Rule.

The issue squarely presented here is whether the disclosure of policy limits falls within the scope of item (7) of 60-216. The

question stated immediately gives rise to the included query whether settlement proposals or negotiations constitute "such other matters as may aid in the disposition of the action." Granted, the encouragement of settlement is not one of the primary purposes of a pretrial conference, but if it is a valid secondary objective then it must be conceded that ignorance of policy limits is not only unrealistic but undesirable. As a practical matter no meaningful consideration of settlement could be accomplished.

Liberal construction of our new code of civil procedure is mandated by the provisions of K. S. A. 60-102. It reads:

"The provisions of this act shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding."

In contrast to the restrictions of the precise language of 60-226 (*b*) and 60-454, which confronted us in Muck, our frame of reference for consideration of the proposition here is the literal mandate to consider "such other matters as may aid in the disposition of the action." We believe the liberal construction directed by 60-102 compels the conclusion that the language used in 60-216 (7) contemplates the encouragement of settlement, in proper perspective, as a matter which may aid in the disposition of the action.

Without de-emphasizing the primary objectives of a pretrial conference in simplifying the issues, facilitating proof and disposing of various preliminary matters, we believe the encouragement of settlements plays a valid secondary role. The view which we have adopted in this regard is in accord with expressions on the subject by many text and treatise writers. (Spencer A. Gard, "Survey of Kansas Law: Civil Procedure," 17 Kansas Law Review [1969], p. 739; 2 Vernon's Kansas Statutes Annotated, Code of Civil Procedure, pp. 128-129; Nims, Pretrial, pp. 62-68; 1A Barron and Holtzoff, Federal Practice and Procedure, p. 833; and Joseph P. Jenkins, "Discovery of Automobile Liability Insurance Limits: Quillets of the Law," 14 Kansas Law Review [1965], p. 59.)

Early in point of time with respect to discussions of the subject, Professor Edson R. Sunderland, in 1944, at the instance of the Committee on Pretrial Procedure of the Judicial Conference of Senior Circuit Judges, prepared a comprehensive treatise entitled "Procedure for Pretrial Conferences in Federal Courts." With respect to the encouragement of settlement and the proper place thereof in pretrial conferences. Professor Sunderland wrote:

"One of the major purposes served by the pretrial conference is to afford a convenient occasion for discussing the possibilities of a settlement. It is always embarrassing for one party to suggest settlement to the other, because such a suggestion may be thought to carry the implication that the party lacks confidence in his case. When, however, the discussion of settlement comes up in the regular course of procedure, as a normal part of the pretrial conference and at the instance of the presiding judges, this cause of embarrassment disappears." (Vol. 28 Journal of the American Judicature Society, p. 49.)

In further elaborating on the subject, Professor Sunderland directs attention to the position and degree of importance to be assigned the consideration of settlement at a pretrial conference. He warns against the overreaching of judges in making consideration of settlements, the chief purpose of the proceeding and dealing with other features of the conference as more or less incidental to the fundamental aim.

Judge Alfred P. Murrah, former Chief Judge of the Tenth Circuit Court of Appeals, when serving as Chairman of the Pre-Trial Committee of the Judicial Conference of the United States, wrote:

"The settlement of cases is not a primary objective of pre-trial conferences, but, when properly presented, it is an important by-product and often the logical result of pre-trial. If the judge has the technique and personality for it, if he is understanding and does not coerce settlement but constantly reminds the lawyers that they are entitled to their day in court, the proper atmosphere will be created to encourage compromise and settlement. . . ." (14 F. R. D. pp. 417, 420.)

Many federal and state courts have relied on settlement as a factor in rationale supporting discovery under Federal Rule 16 and parallel state rules of civil procedure. For example, see *Lucas v. District Court*, 140 Colo. 510, 345 P. 2d 1064; *Johanek v. Aberle*, 27 F. R. D. 272 (1961); cases collected in 13 A. L. R. 3d, Anno., p. 822; 41 A. R. L. 2d, Anno. p. 968; 8 Wright & Miller, Federal Practice and Procedure: Civil § 2010, p. 91, Note 72. While the arguments in the cases mentioned do not support discoverability under our construction of K. S. A. 60-226 (*b*) they are persuasive with respect to a pretrial conference under 60-216, where settlement is a proper matter for consideration.

In *Muck* we noted the irreconcilable conflict in the decisions of federal district courts and of the various state appellate courts concerning the disclosure of policy limits in discovery proceedings. Counsel for defendant and *amicus curiae* point out that since our decision in *Muck*, the nationwide conflict in federal district courts

has been settled by a change in Federal Rules of Civil Procedure and, therefore, counsel suggest that we reexamine our construction of 60-226 (*b*). The conflict in federal courts was not resolved by stretching the scope of Federal Rule 26 by appellate decision, but by the promulgation of an entirely new rule expressly declaring insurance agreements to be discoverable. (See Federal Rule 26 [*b*] [2], effective July 1, 1970, [28 U. S. C. A., Cumulative Pocket Part, p. 219.] )

In the instant case the record shows that defendant conducted a pretrial conference after all discovery proceedings were completed. This is generally recognized as the most acceptable procedure. We are informed that the same practice is followed by most trial courts in this jurisdiction. At this juncture in the course of litigation, pleadings are generally completed, there has been a full disclosure, the contentions and claims of the parties are stated, available evidence concerning both liability and damages has been indicated, court and counsel are in a position to narrow the issues and are in the best possible position to evaluate the case for settlement purposes. The court is in control of the situation. The possibility of exaggerated or padded claims, stemming from disclosure (an argument frequently advanced by opponents of discovery), may be forestalled by the discretionary denial of amendments to pleadings. Conversely, fraudulent settlements such as described in *Toppass v. Perkins' Administratrix*, 268 Ky. 186, 104 S. W. 2d 423, will be avoided.

We believe the encouragement of settlement to be a valid subject for consideration as a matter that may aid in the disposition of an action and thus clearly falls within the contemplation of K. S. A. 60-216. As a consequence, common sense and realistic treatment dictate that the fact of liability insurance and disclosure of the policy limits thereof are essential to a purposeful settlement discussion.

In order to confine the subject of settlement within its proper perspective at a pretrial conference, we issue this caveat—that efforts by the court should never work to coerce or compel a litigant to make a settlement. Settlements are to be wrought by the litigants, not by the court.

The peremptory writ is denied.

PRICE, C. J., dissenting from the second sentence of paragraph 3 of the syllabus and the corresponding portion of the opinion.

SCHROEDER and FONTRON, JJ., dissenting.