No. 55,818

The Procter & Gamble Company, The Procter & Gamble Distributing Company, and The Procter & Gamble Paper Products Company, *Petitioners*, v. The Honorable Janette Howard, Associate District Judge, Court No. 13, Tenth Judicial District of Kansas, and Thomas D. McCarthy, Surviving Husband and Heir at Law and Executor of the Estate of Suzanne C. McCarthy, Deceased, *Respondents*.

(666 P.2d 728)

Opinion filed July 15, 1983.

*David J. Waxse*, of Payne & Jones, Chartered, of Olathe, and *Nancy A. Lawson*, of Dinsmore & Shohl, of Cincinnati, Ohio, argued the cause and were on the brief for petitioners.

*Victor A. Bergman*, of Schnider, Shamberg & May, Chartered, of Shawnee Mission, argued the cause, and *Mark A. Johnson*, of the same firm, was with him on the brief for respondents.

*Per Curiam:* Petitioners filed this original action in mandamus seeking an order directing the Honorable Janette Howard, District Judge, to vacate certain orders issued June 8, 1983, allowing discovery in an action pending in the District Court of Johnson County. In the underlying action Thomas D. McCarthy, surviving husband and heir at law and executor of the estate of Suzanne C. McCarthy, deceased, brought an action against petitioners and Shawnee Mission Medical Center for damages for the wrongful death of Suzanne C. McCarthy. Mrs. McCarthy allegedly died from toxic shock syndrome caused or contributed to by the use of Rely tampons, a catamenial device manufactured and marketed by petitioners.

In September, 1980, after an unusual number of toxic shock syndrome cases had been reported, petitioners withdrew their product, Rely tampons, from the market due to allegations in the media that there was a direct causal relationship between the use of Rely tampons and the occurrence of toxic shock syndrome. Following the withdrawal of the product from the market, petitioners undertook an extensive research program in an attempt to determine, *inter alia*, the cause of toxic shock syndrome and

whether it bore any relationship to the use of Rely tampons. The research was, and is, being conducted by petitioners' own scientific employees and by outside independent researchers under grants furnished by petitioners. It is the position of the petitioners that all in-house research (that being done by petitioners' own employees in petitioners' facilities) and all appraisals and evaluations of the outside independent researchers constitute work product of petitioners' attorneys prepared for use in pending and future litigation. Originally the trial court issued a protective order. Subsequently, the trial court, on June 8, 1983, reversed its prior order and directed that all research was discoverable under certain protective guidelines established by the trial court. The trial court reconfirmed an earlier protective order which prevented the plaintiff and his attorneys "from distributing documents relating to independent research funded by defendants to third-parties unrelated to the present action or actions in which plaintiff's attorneys are not the trial counsel of record." The order of the court also provides that in the event the defendants (petitioners herein) question whether any particular research matters are excluded from discovery, then an in camera examination will be conducted by the trial court.

The court has carefully considered the record presented in this case, together with the legal memoranda and arguments of the parties, and is of the opinion that the trial court has established adequate safeguards to protect all matters which are not legally subject to discovery. It has been generally recognized that mandamus will not lie unless "some inferior court, tribunal, board, or some corporation or person [fails] to perform a specified duty, which duty results from the office, trust or official station of the party to whom the order is directed, or from operation of law." K.S.A. 60-801. The conduct of discovery proceedings lies within the sound discretion of the trial court and ordinarily the exercise of such discretion is not the proper subject of mandamus. *Cropp v. Woleslagel*, 207 Kan. 627, 485 P.2d 1271 (1971). The determination of what may be protected "work product" of an attorney is a matter for the trial court's determination after in camera inspection of the questioned material.

The June 27, 1983, order of this court staying further discovery proceedings in the district court in the case of Thomas D.

McCarthy, *et al*, v. The Procter & Gamble Company, *et al*, case No. 98060, is hereby dissolved and set aside.

The petition for a writ of mandamus is denied.