**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Dr. Phillip C. OLLIS, D.C., Appellee.**

**No. 08–88–00045–CV.**

Court of Appeals of Texas, El Paso.

June 29, 1988.

Rehearing Denied Aug. 10, 1988.

Mark C. Walker, Grambling & Mounce, El Paso, for appellant.

Philip E. Kenrick, El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and SCHULTE, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a summary judgment in the amount of $4,461.00. We affirm.

In September of 1984, Francisco Aldava was involved in an automobile accident with Eleno Hernandez.

Mr. Aldava was insured by the defendant insurance company for standard automobile liability coverage. The insurance company agreed to pay damages for bodily injury or property damage for which any covered person became "legally responsible" because of an auto accident.

The plaintiff doctor provided medical treatment to Mr. Hernandez after the accident. In return, Mr. Hernandez executed an assignment of "all of my rights, title and interest to collect and receive the benefits and sums payable otherwise to me by State Farm Insurance Company." The insurance company received this assignment. It did not inform the plaintiff doctor that it would not honor it. It received the doctor's bills and used his reports in evaluating settlement of the case. The insurance company subsequently paid Mr. Hernandez $9,000.00 directly in settlement of his claim against Mr. Aldava. Mr. Hernandez demanded direct payment as a prerequisite to the settlement.

The insurer contends the trial court erred in rendering summary judgment, as judgment against the insured by the injured party must first be obtained to determine legal responsibility of the insurer. *Dairyland County Mutual Insurance Company of Texas v. Childress*, 650 S.W.2d 770 (Tex.1983). In *Houston General Insurance Company v. Owens*, 653 S.W.2d 93 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.), the Court noted a compromise settlement agreement is mere evidence and does not carry the same finality as a judgment. In that case, as in this case, the agreement did not admit the insured's liability in the accident. Admissions of liability are also mere evidence and not legally conclusive. Therefore, their inclusions or absence in the settlement agreement would not affect the theory of lack of finality of the agreement.

Although not completely final in the legal sense, a compromise settlement agreement arrives at a liquidated amount of obligation no less binding and assignable than any other chose in action.

The insurer became liable at the time the insured's obligation to pay had been finally determined by either judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. *Great American Insurance Company v. Murray*, 437 S.W.2d 264 (Tex.1969).

A third person not a party to a contract will still have a cause of action to enforce the contract if the contract was made for that person's benefit. *Dairyland County Mutual Insurance Company of Texas v. Childress, supra.*

The assignment in question was executed on October 17, 1984. The settlement agreement was executed on August 16, 1985. It was assignment of a future interest. To be valid, the assigned right must have an actual or potential existence. It must potentially arise from a contract in existence. *Love v. Austin Bridge Co.*, 5 S.W.2d 570 (Tex.Civ.App.—Texarkana 1928), *rev'd on other grounds*, 34 S.W.2d 574 (Tex.Comm'n App.1931, holding approved). The insurance contract predated the assignment. As long as a claim is sufficiently defined by an assignment so that it can be identified and it arises out of an existing contract, the assignment is nonetheless effective because the amount payable is subject to contingency or dispute. Williston on Contracts, Third Edition, sec. 413, p. 63. Even though the third party beneficiary/assignor was not a named party to the insurance contract, the interest assigned had potential existence expressed in the contract by virtue of the promise to pay damages incurred by the insured.

Debtors, with knowledge of the assignment, may not pay money to a third person so as to deprive the assignee of his right. *Mitchell, Gartner & Thompson v. Young,* 135 S.W.2d 308 (Tex.Civ.App.— Fort Worth 1939, writ ref'd); *C.H. Chapman v. Tyler Bank & Trust Company,* 396 S.W.2d 143 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.).

At such time as the settlement contract was executed, the insured became legally obligated to pay the stipulated amount in lieu of damages, and the insurer became bound to the assignment.

There being no genuine issue of material fact, movant plaintiff doctor is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

Judgment of the trial court is affirmed.

OSBORN, Chief Justice, dissenting.

I respectfully dissent. There has been no showing that the State Farm insured, Francisco Aldava, was "legally responsible" to Eleno Hernandez or his assignee, Dr. Phillip Ollis. The policy in question under "PART A–LIABILITY COVERAGE" has several separate paragraphs and the "INSURING AGREEMENT" states:

> We will pay damages for bodily injury or property damage for which any *covered person* becomes legally responsible because of an auto accident.

In *Moxon v. Ray,* 125 Tex. 24, 81 S.W.2d 488 (Tex.Comm'n App.1935, opinion adopted), the Court considered the question of when an insured became legally responsible so as to provide rights to an injured party and held an insurance policy could inure to the benefit of an injured third party and said "but his right of action thereon does not arise or accrue until he has obtained a final judgment against the insured."

That was the same result the San Antonio Court of Civil Appeals had reached two years earlier in *Cannon Ball Motor Freight Lines v. Grasso,* 59 S.W.2d 337 (Tex.Civ.App.—San Antonio 1933), *aff'd; Grasso v. Cannon Ball Motor Freight Lines,* 125 Tex. 154, 81 S.W.2d 482 (Tex. Comm'n App.1935, opinion adopted). Writing for the Court Justice Murry said:

> The policy under consideration provides as follows:
>
> (a) 'To insure the assured named and described against direct loss by reason of liability imposed by law upon the assured.'
>
> Shall this be construed to mean liability not imposed by law, when it says liability imposed by law? We think not. [authorities cited].

Again, in *Hutcheson v. Estate of Se'Christ,* 459 S.W.2d 495 (Tex.Civ.App.— Amarillo 1970, writ ref'd), the Court, in considering the question of liability of the carrier to the estate of the injured party, said:

> The insurance policy does not bind the insurer for primary liability to an injured party, but its liability is contractual.

> . . . . .

> It contemplates that the insured must be liable to the injured person and that this liability must be established by judgment against the insured or the executor or administrator as in this case before the insurer can be held liable.

In the recent opinion by Justice Wallace in *Dairyland County Mutual Insurance Company of Texas v. Childress,* 650 S.W. 2d 770 (Tex.1983), the Court again considered the necessity of establishing that the insured is legally obligated or responsible to the injured party in order to have a cause of action against the insurer. The Court said:

> It is true that Childress were required to obtain a judgment against Booth prior to bringing an action against Dairyland. This is necessary because the insurance contract provides that Dairyland would pay only such sums as the insured was legally obligated to pay; therefore, it was necessary for Childress to secure a judgment to show that the insuror [sic] was legally obligated to pay under its contract.

In addition to the clause defining liability coverage, the policy in "PART F" also has

a provision under the heading "LEGAL ACTION AGAINST US" which provides that no legal action may be brought against the company unless the carrier agrees in writing that the covered person has an obligation to pay, or the amount of that obligation has been determined by judgment after trial. The "no legal action clause" is separate and apart from the "insuring agreement", and the language in the no legal action provision concerning agreements in writing should not be confused with the requirement under the insuring agreement. Obviously the opinion by Justice Pope in *Great American Insurance Company v. Murray*, 437 S.W.2d 264 (Tex.1969), was concerned with a no action clause and not an insuring agreement provision.

The payment made to Mr. Hernandez was to "buy the peace" of a party who had been involved in an accident. The release specifically provided that the insured and insurer "expressly deny any liability." That release was executed to settle, but not to create, liability. Certainly courts which favor settlement should not hold that under a settlement agreement in which the parties deny liability, they have become "legally responsible" to an injured party.

I would reverse the summary judgment and remand the case to the trial court.