## STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, Petitioner,

v.

## Dr. Phillip C. OLLIS, D.C., Respondent.

### No. C–7955.

Supreme Court of Texas.

Jan. 11, 1989.

Rehearing Denied Feb. 15, 1989.

---

Mark C. Walker, Grambling & Mounce, El Paso, for petitioner.

James F. Scherr and Philip E. Kenrick, Law Offices of James F. Scherr, El Paso, for respondent.

PER CURIAM.

Dr. Phillip C. Ollis treated an automobile accident victim and received an assignment of the victim's rights to receive money from State Farm, but not an assignment of any part of the cause of action against the insured. Dr. Ollis then brought suit asserting his rights as the assignee of a third party beneficiary under a liability insurance policy issued by State Farm. The trial court granted summary judgment that Dr. Ollis recover $4,461.00 from State Farm County Mutual Automobile Insurance Company. The court of appeals affirmed with one justice dissenting. 754 S.W.2d 781. In *Great American Ins. Co. v. Murray*, 437 S.W.2d 264 (Tex.1969), we held that a party injured by the insured is a third party beneficiary of a liability insur-ance policy. However, he cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party. *Id.* at 265. Because the judgment of the court of appeals conflicts with this holding in *Murray*, a majority of the court reverses and, without argument, renders judgment that Dr. Ollis take nothing, pursuant to Tex.R.App.P. 133(b).

State Farm issued a standard automobile liability insurance policy to Francisco Alda-va. In the policy State Farm promises to pay damages "for which any covered person becomes legally responsible because of an auto accident." The policy further provides that no cause of action may be brought against State Farm, unless the liability of a covered person has been established by a judgment, or by written agreement with State Farm.

Mr. Aldava had an automobile accident with Eleno Hernandez. To pay for his medical treatment, Hernandez assigned to Dr. Ollis his right to receive sums payable from State Farm. Thereafter, Hernandez, Aldava, and State Farm entered into a settlement agreement. While denying liability, Aldava and State Farm paid $9,000.00 to Hernandez for his release of all claims arising out of the automobile accident.

Dr. Ollis brought suit directly against State Farm, alleging contractual theories of recovery only. The parties filed cross-motions for summary judgment. The trial court denied State Farm's motion and granted summary judgment to Dr. Ollis. The court of appeals affirmed, finding that the settlement agreement established State Farm's liability under the policy.

However, State Farm and Aldava did not agree to pay damages when they settled with Hernandez. Rather, as noted by Chief Justice Osborn in his dissent, the settlement agreement does nothing more than buy peace. Having failed to obtain a judgment or agreement that Aldava is obligated to pay damages, Dr. Ollis has not shown an entitlement to payment under the insurance policy. *Murray, supra*.

The judgment of the court of appeals is reversed and judgment rendered that Dr. Ollis take nothing against State Farm Mutual Auto Insurance Company. Tex.R. App.P. 133(b).