IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-616-CV





GAIL LITTLE NORSWORTHY,



 APPELLANT


vs.





STEPHEN S. DURISH, RECEIVER,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 489,895, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING



 




 Appellant Gail Little Norsworthy prays that we reverse the trial court's summary
judgment that she take nothing by her suit against appellee, Sandra Autry, court-appointed
receiver for National County Mutual Fire Insurance Company. (1) We will affirm the judgment.



THE CONTROVERSY


 Appellant owned a cause of action against Texas Building Systems, Inc., for the
wrongful death of her husband. See Tex. Civ. Prac. & Rem. Code Ann. § 71.002 (West 1986). 
National County Mutual Fire Insurance Company insured Texas Building Systems, Inc., against
such liabilities; however, National County was placed in a court-supervised receivership under
article 21.28 of the Texas Insurance Code. Tex. Ins. Code Ann. art. 21.28 (West Supp. 1993). 
The court appointed Autry receiver.

 Sections 3 and 8 of article 21.28 establish a system by which an injured person may
file with the receiver a claim against the assets of the tortfeasor's liability insurer in cases where
the insurer is in receivership under the article. Appellant filed such a claim with the receiver
under this statutory system. While her claim was pending, appellant alleges in the present cause,
the receiver's employee Kevin Burns represented to appellant that her claim would be paid
provided she opened probate proceedings to permit the administration of her dead husband's
estate. Appellant did so. She alleges now that Burns' statement was fraudulent and that she is
entitled to recover from the receiver, on a theory of respondeat superior, because she relied upon
Burns' statement to her injury by expending time and money on the probate proceedings.

 The receiver moved for summary judgment, averring as one ground that any cause
of action against the receiver is barred by the terms of section 4(f) of article 21.28. Section 4(f)
provides as follows:



A receiver and his agents and employees are not liable for and a cause of action
may not be brought against them for an action taken or not taken by them relating
to the adjustment, negotiation or settlement of claims.


Without specifying the ground therefor, the trial court granted the receiver's motion for summary
judgment. This appeal ensued.



DISCUSSION AND HOLDINGS



 To avoid the bar of section 4(f) of article 21.28, appellant contends the provision
is unconstitutional because it violates the following provision of the state constitution: "All courts
shall be open, and every person for an injury done him . . . shall have remedy by due course of
law." Tex. Const. art. I, § 13. This constitutional requirement prohibits the legislature's
withdrawing arbitrarily all legal remedies from a person having a cause of action well-established
and well-defined in the common law. Moreno v. Sterling Drug Co., Inc., 787 S.W.2d 348, 355
(Tex. 1990); Lebohm v. City of Galveston, 275 S.W.2d 951, 952, 954-55 (Tex. 1955); Hanks v.
City of Port Arthur, 48 S.W.2d 944, 945 (Tex. 1932). We are left then to determine whether
section 4(f) has withdrawn arbitrarily appellant's asserted right of action at common law, against
the receiver, for the employee's alleged fraud in the particulars mentioned above.

 In equity, that is to say, in the "common law," a receiver is an official appointed
by a court to exercise special powers over property in the court's custody. These powers are
directed at protecting the property and distributing it according to the court's determination of
what the law requires. Suits against the receiver, in equity, may be brought only after obtaining
leave of the appointing court, for the receiver is an officer of that court. The receiver's liability
is not personal but extends only to the property that has come into his or her hands and any profits
therefrom. See William A. Alderson, Law of Receivers, 13, 712-15, 802-03 (1905); 75 C.J.S.
"Receivers" §§ 1, 2 (1952).

 The usages of equity are mirrored, by and large, in statutory receiverships. See,
e.g., Tex. Civ. Prac. & Rem. Code Ann. §§ 64.001-.092 (West 1986). The receiver remains a
disinterested officer of the court that appoints him. Id. § 64.001; Security Trust Co. v. Lipscomb
County, 180 S.W.2d 151, 158 (Tex. 1944). His purpose remains the protection of property in
the court's custody and a distribution of it after the court has determined what the law required
in that regard. Id. §§ 64.031, .051. The receiver's liability is not personal but is limited to the
property in the receivership estate. Id. §§ 64.053-.055. Leave of court is not, however, a
prerequisite to suits under the statutory scheme. Id. § 64.052; Carpenter v. Pink, 124 S.W.2d
981, 986 (Tex. 1939). Unless altered by statute, "the rules of equity govern all matters relating
to the appointment, powers, duties, and liabilities of a receiver and to the powers of a court
regarding a receiver." Id. § 64.004.

 Article 21.28 of the Insurance Code contains provisions for a statutory receivership
applicable to insurance companies domiciled in Texas. The statute designates the Commissioner
of Insurance (or the Commissioner's designee) as the person to be appointed when a court of
competent jurisdiction finds a receivership necessary under the law; the receiver receives title to
and takes charge of the insurance company's assets that come into court custody, conducting the
company's business subject to the court's direction; and the receiver may settle claims against the
company or otherwise dispose of its property under the court's direction. Tex. Ins. Code Ann.,
art. 21.28, § 2(a), (b), (e), (g). Section 8 of article 21.28 provides for payment of claims against
the insurance company, in priority according to four classes specified in the section. The first-priority class includes, for example, the receiver's costs and expenses of administration; the
second-priority class includes "liability claims against insureds covered under insurance policies
and insurance contracts issued by the insurer." Id. § 8(a). The latter are entitled "third-party
claims." Id. This right of an injured person to make a claim directly against the assets of a
tortfeasor's liability insurer is, of course, purely a statutory right. Ordinarily, an injured person
has no right of action directly against a tortfeasor's liability insurer unless the insurance contract
so provides or the injured person reduces his claim to a judgment that the insurer is legally
obliged to pay. See State Farm County Mut. Ins. Co. v. Ollis, 768 S.W.2d 722, 723 (Tex. 1989);
Great Am. Ins. Co. v. Murray, 437 S.W.2d 264 (Tex. 1969).

 While section 8 of article 21.28 authorizes payment of third-party claims from the
insurance company's assets, section 3 establishes the procedure for obtaining payment through
"proof of claims" filed with the receiver, which the receiver may approve or reject in his or her
discretion. The receiver's decision is subject to judicial review. Tex. Ins. Code Ann.,
art. 21.28, § 3(a)-(h).

 Although not exhaustive, we believe the foregoing summary is sufficient to
understand our rejection of appellant's contention that section 4(f) of article 21.28 is
unconstitutional in its grant of immunity to the receiver, and his or her employees, for actions
"taken or not taken by them relating to the adjustment, negotiation or settlement of claims."

 Rules of conduct are subject to reasonable legislative modification in the public
interest, whether a rule imposes liability without fault or exempts from liability notwithstanding
fault. Middleton v. Texas Power & Light Co., 249 U.S. 152, 163 (1968); Lebohm, 275 S.W.2d
at 954. The facial effect of article 21.28, section 4(f) is to withdraw from appellant any cause of
action she might have at common law for a fraud "relating to the adjustment, negotiation or
settlement" of her claim under sections 3 and 8 of article 21.28. But it is obvious that appellant
can have no such action at common law because the very right to make such a claim is purely a
creature of statute and unknown at common law. The immunity granted the receiver and his or
her employees, in section 4(f) of article 21.28, is properly viewed simply as a qualification affixed
to the statutory right of claim given in sections 3 and 8 of the same article.

 Even if such a right of claim existed at common law, we believe the legislature has
not acted arbitrarily in abolishing it. The public and private benefits of insurance-company
receiverships, under article 21.28, are obvious. They require no elaboration to demonstrate that
they are in the public interest. Appellant is herself a beneficiary because, by reason of article
21.28, she was able to make a claim directly against the assets of the tortfeasor's liability insurer
and obtain a position with priority over general creditors. Had she proceeded to judgment against
the tortfeasor, she could have obtained only the position of a general creditor. We hold the
statutory scheme of article 21.28 is a reasonable substitute for whatever liability a receiver might
have at common law for a fraud committed by his or her employee in the course of the
receivership.

 It is undisputed that Burns' alleged misrepresentation was one "relating to the
adjustment, negotiation or settlement of" appellant's claim under article 21.28, sections 3 and 8,
as provided in section 4(f) of the statute. For the reasons given, we overrule Norsworthy's point
of error and affirm the trial-court judgment that appellant take nothing.



 

 John Powers, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: August 25, 1993

[Do No Publish]

1.   Sandra Autry succeeded Stephen S. Durish as receiver. We have maintained the original
style of the appeal because the parties have not requested that it be changed.