# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-11-00228-CV

**Appellants, Edmond L. Bisland III and Rhonda T. Bisland // Cross-Appellant,
Financial Indemnity Company, or properly Unitrin County Mutual Insurance Company
f/k/a Charter County Mutual Insurance Company**

**v.**

**Appellee, Financial Indemnity Company, or properly Unitrin County Mutual Insurance
Company f/k/a Charter County Mutual Insurance Company // Cross-Appellees,
Edmond L. Bisland III and Rhonda T. Bisland**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 428TH JUDICIAL DISTRICT
## NO. 08-0325, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Our opinion and judgment issued on May 2, 2013, are withdrawn, and the following

opinion is substituted.

In a prior lawsuit, Edmond and Rhonda Bisland sued Richard Simmons and Lindig

Construction and Trucking, Inc. ("Lindig") for injuries that Edmond sustained in a car accident.

After a trial, a judgment was rendered that awarded the Bislands millions of dollars in damages. At

the time of the accident, Financial Indemnity Company ("Financial") was the insurer for Lindig.

Subsequent to the prior judgment being rendered, the Bislands initiated this lawsuit against Financial

arguing, among other claims, that Financial breached the terms of its insurance policy by failing to timely pay on the prior judgment. After a trial, the jury found in favor of Financial. Subsequent to the jury rendering its decision, the Bislands moved for judgment notwithstanding the verdict and argued that Financial breached its policy and that they were entitled to damages as third-party beneficiaries to the policy. After considering the Bislands' assertions, the district court granted the motion for judgment notwithstanding the verdict. Subsequent to that ruling, the Bislands moved for a new trial contending that they were entitled to a new trial on attorney's fees for their third-party-beneficiary claim, but the district court denied the request for a new trial. The Bislands and Financial appeal the judgment of the district court. We will reverse the district court's judgment and render judgment in favor of Financial.

## BACKGROUND

In 2004, Simmons worked for Lindig. While driving one of Lindig's trucks, Simmons rear-ended a car driven by Edmond Bisland. *Simmons v. Bisland*, No. 03-08-00141-CV, 2009 Tex. App. LEXIS 2473, at *2 (Tex. App.—Austin Apr. 9, 2009, pet. denied) (mem. op.). At the time of the accident, Lindig was insured by Financial.[1] As a result of the accident, Edmond sustained significant injuries, including injuries to his spine. *Id.* at *3. Consequently, Edmond and his wife, Rhonda Bisland, filed suit against Simmons and Lindig. *Id.* at *7. For ease of reading, we will refer to this lawsuit as the prior suit.

---

[1] During trial and in its cross-appeal, Financial contends that it was improperly named in the suit because it was not the insurer for the claims asserted by the Bislands, but the Bislands dispute that assertion. Given our resolution of the appeal, we need not address this issue.

2

**Prior Suit**

Before trial in the prior suit, Simmons and Lindig "stipulated to negligence and vicarious liability," and a trial was held regarding damages. *Id.* At the conclusion of the trial, the jury awarded Edmond "$400,000 in past physical pain and mental anguish, $550,000 in future physical pain and mental anguish, $35,000 in past loss of earning capacity, $0 in future loss of earning capacity, $300,000 in past physical impairment, $915,000 in future physical impairment, $65,000 in past medical expenses, and $40,000 in future medical expenses." *Id.* In addition, the "jury also awarded Rhonda $25,000 in past loss of household services, $60,000 in future loss of household services, $52,000 in past loss of consortium, and $115,000 in future loss of consortium." *Id.* The total damage award issued by the jury was $2,557,000, and the district court "issued judgment on the verdict" by the jury and also awarded prejudgment and post-judgment interest on the award. *Id.* at *8. The award exceeded the limits for the insurance policy covering Lindig and Simmons.

The district court rendered judgment in November 2007. Subsequent to the district court rendering its judgment in the prior suit, Simmons and Lindig as well as the Bislands appealed the court's judgment. In addition to filing an appeal, Lindig also filed a supersedeas bond seeking to "supersede execution of the judgment" during the appeal. *See* Tex. R. App. P. 24.2(a)(1) (specifying amount of supersedeas bond). Around that same time, Simmons filed an affidavit stating that he had a negative net worth and explaining that requiring him to file a "supersedeas bond for any amount" would cause him "substantial economic harm." *See id.* (explaining that supersedeas bond may not exceed "50 percent of the judgment debtor's current net worth").

After the appeal in the prior suit was filed, Simmons entered into an agreement with the Bislands under which he agreed to assign to them any claims that he had against Financial. In

3

exchange, the Bislands agreed to not enforce the prior judgment against Simmons and to release him from all liability under that judgment. Similarly, Lindig entered into an agreement with Financial under which Lindig agreed to waive any potential claims against Financial in exchange for Financial agreeing to fully cover the costs of the prior judgment against Lindig and Simmons even if those damages exceeded the policy limits.

Subsequent to Simmons and Lindig entering their respective agreements, the appeal in the prior suit became final, and this Court affirmed the district court's judgment.[2] *Simmons*, 2009 Tex. App. LEXIS 2473, at *32. Sometime after this Court issued its opinion, Financial paid the Bislands the value of the judgment as well as the accrued interest, which totaled $3,185,548.65.

**Current Suit**

A couple of months after the trial court issued its judgment in the prior suit, the Bislands initiated a new suit against Financial. In their final amended petition in the current suit, the Bislands asserted that Financial breached the terms of the insurance policy covering Lindig and Simmons. In particular, the Bislands urged that Financial had a duty under the insurance policy to pay judgments against its insureds when those judgments become final, and the Bislands insisted that Financial breached that duty by failing to pay on the judgment in the prior suit when the judgment became final against Simmons. In light of Financial's alleged breach, the Bislands argued that they were entitled to pursue the current lawsuit as third-party beneficiaries to the insurance policy.

---

[2] In our opinion, we did modify the judgment to delete a credit that the district court gave "against prejudgment interest for the amount of interest accrued during the period in which a settlement offer was outstanding" but otherwise affirmed the trial court's judgment. *Simmons v. Bisland*, No. 03-08-00141-CV, 2009 Tex. App. LEXIS 2473, at *8, 32 (Tex. App.—Austin Apr. 9, 2009, pet. denied) (mem. op.).

4

Moreover, the Bislands also requested attorney's fees incurred in pursuing their breach claim as well as prejudgment and post-judgment interest.

In addition to the claim described above, the Bislands also alleged various claims that were assigned to them by Simmons.[3] For most of their claims, the Bislands also sought attorney's fees as well as prejudgment and post-judgment interest. In fact, during the trial, the Bislands argued that they were entitled to millions of dollars in attorney's fees for their work performed in the current suit, but Financial countered that the Bislands were not entitled to any attorney's fees because the Bislands had been fully compensated when Financial paid on the prior judgment and because they suffered no additional damages.

The jury charge in the current case included jury questions for the assigned claims but did not include a jury question regarding the Bislands' third-party-beneficiary claim. After a trial in the current suit, the jury found in favor of Financial on all of the issues presented in the jury charge.[4] In addition, the jury concluded that the Bislands should not be awarded any attorney's fees.

---

[3] Specifically, the Bislands argued that Financial breached the terms of the insurance policy by failing to settle Simmons's liability within the limits of the policy. *See Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 776 (Tex. 2007) (explaining insurers' common-law duty to protect insureds by accepting reasonable settlement offers within policy limits and discussing law governing when demand triggers duty to settle under *G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved)). Next, the Bislands presented a claim related to their failure-to-settle claim and argued that Financial's refusal to settle the claims against Simmons within the limits of the insurance policy resulted in damages to Simmons beyond the amount sought in the companion claim. In addition, the Bislands presented another breach-of-contract claim under which they contended that Financial breached the terms of the policy by failing to properly defend Simmons and by failing to disclose to Simmons that the damages incurred through the collision might exceed the policy limits and leave him personally liable. In their final assigned cause of action, the Bislands urged that Financial engaged in unfair or deceptive practices in violation of the insurance code.

[4] In ruling in favor of Financial, the jury did not find that the judgment in the prior suit against Simmons was attributable to a failure to defend Simmons by Financial, that Financial

5

Shortly after the jury rendered its verdict, the Bislands filed a motion for judgment notwithstanding the verdict. In their motion, the Bislands requested that the district court grant their motion "and award them judgment against Financial on their third-party-beneficiary claim." After considering the Bislands' motion, the district court granted the motion and determined that the Bislands were entitled to the requested award of $134,489.14; prejudgment interest on that amount starting "on December 11, 2009, and ending on the day preceding the date of this Final Judgment"; costs of suit; and "post-judgment interest on the combined sum" of the three awards listed above "beginning on the date of this Final Judgment and ending on date paid."

Subsequent to the district court ruling on the motion for judgment notwithstanding the verdict, the Bislands filed a motion for new trial. In their motion, the Bislands requested that the district court "grant them a new trial on the separate issue of the amount to which they are entitled to attorney's fees on their third-party-beneficiary claim." After reviewing the motion and holding a hearing on the issue of attorney's fees, the district court denied the Bislands' motion for new trial.

Shortly after the district court's ruling, the Bislands and Financial each appealed the judgment of the district court.

## DISCUSSION

As mentioned above, the Bislands and Financial appealed the judgment of the district court. In its cross-appeal, Financial presents 27 appellate issues, but the main thrust of its arguments is that the district court erred by granting the Bislands' motion for judgment notwithstanding

---

was negligent when it refused to accept the Bislands' proposed settlement offers, or that Financial engaged in unfair or deceptive acts that resulted in the judgment in the prior case being issued against Simmons.

the verdict.  In their appellate briefing, the Bislands present three issues, all of which request that this Court order a new trial on the issue of attorney's fees for their third-party-beneficiary claim. Because our determination regarding Financial's appellate issues bears upon our resolution of all of the Bislands' appellate issues, we will first address Financial's issues in its cross-appeal.

**Financial's Cross-Appeal**

In its cross-appeal, Financial asserts several arguments contending that the district court erred by granting the Bislands' motion for judgment notwithstanding the verdict, including that the Bislands were fully compensated when Financial paid the amount owed under the prior judgment.

During a trial, a court "may render judgment" notwithstanding the verdict "if a directed verdict would have been proper," and the trial court may "disregard any jury finding on a question that has no support in the evidence." Tex. R. Civ. P. 301.  Accordingly, a trial court properly grants a motion for judgment notwithstanding the verdict "(1) when the evidence conclusively establishes the right of the movant to judgment or negates the right of the opponent; or (2) when the evidence is insufficient to raise a material fact issue." *Playoff Corp. v. Blackwell*, 300 S.W.3d 451, 454 (Tex. App.—Fort Worth 2009, pet. denied).  Stated differently, a motion "should be granted when the evidence is conclusive and one party is entitled to recover as a matter of law or when a legal principle precludes recovery." *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 15 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).  When reviewing a trial court's rendition of a judgment notwithstanding the verdict, appellate courts use a no-evidence standard of review. *Id.*  Accordingly, "we will affirm only if there is no evidence to support an issue, or conversely, if evidence establishes an issue as a matter of law." *Id.*

For the reasons that follow, we believe that the district court erred by granting the Bislands' motion. To resolve these issues on appeal, it helps to describe again what types of relief were being pursued in the two lawsuits. In the prior suit, the Bislands were awarded damages for their injuries sustained due to the car accident. Although Financial chose not to pay on the prior judgment pending a resolution on appeal, Financial did pay on the judgment after the appeal became final. The amount paid included prejudgment interest from the time that the prior suit was filed to the conclusion of the prior trial as well as post-judgment interest starting from the day that the prior judgment was issued to the day that Financial tendered payment. The Bislands do not assert that Financial did not pay all of the interest that it was required to pay, nor do they contend that the amount that Financial paid as interest did not fully compensate them for the time value of the prior judgment.

Turning to their claims in the current suit, the Bislands assert that Financial had an obligation to pay them when the prior judgment became final as to Simmons. The Bislands contend that they were entitled to payment because they were third-party beneficiaries to the insurance agreement issued to Lindig and covering Simmons.[5] *See Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997) (per curiam) (stating general rule "that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment"); *State Farm Cnty. Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam) (explaining that person injured by insured is third-party beneficiary of liability policy

---

[5] It is worth noting that the Bislands are not arguing that they tried to enforce or execute the prior judgment. *See* Tex. R. Civ. P. 621-56 (governing execution of judgments rendered by trial courts). Rather, they assert that Financial refused to comply with a contractual obligation under the terms of the insurance policy to pay on the prior judgment.

8

but may not enforce policy directly until insured's obligation to pay is established); *see also*

*Gulf Ins. Co. v. Clarke*, 902 S.W.2d 156, 160 (Tex. App.—Houston [1st Dist.] 1995, writ denied)

(explaining that judgment is final "for the purposes of bringing a third party beneficiary action

against an insured's insurance company if the judgment disposes of all issues and parties in the case,

the trial court's power to alter the judgment has ended, and execution of the judgment, if appealed,

has not been superseded").

As support for this argument, the Bislands relate that the trial court in the prior

suit held Lindig and Simmons "jointly and severally" liable for the damages that the Bislands

sustained. In addition, the Bislands urge that the trial court's "plenary power to alter the" prior

judgment expired in February 2008, which was a few months after the prior judgment was rendered.

Furthermore, the Bislands note that although the prior judgment was appealed, the appeal was not

filed until after the trial court's power to alter the judgment had expired. Moreover, the Bislands

explain that even though Financial timely filed a supersedeas bond on behalf of Lindig, no

supersedeas bond was filed on behalf of Simmons. For these reasons, the Bislands contend that the

underlying judgment against Simmons was final on the day after the trial court lost plenary power

over the prior suit.

In addition, the Bislands insist that the insurance policy covering Lindig and Simmons

required Financial to pay damages awarded through a judgment when the judgment becomes final.[6]

---

[6] The relevant portions of the policy provides as follows:

We will pay all sums an insured legally must pay as damages because of bodily injury
or property damage to which this insurance applies, caused by an accident and resulting
from the ownership, maintenance or use of a covered auto.

In light of that alleged duty to pay, the Bislands contend that Financial breached its obligation under the insurance policy by failing to pay the Bislands when the prior judgment became final and that Financial's breach continued until after the prior appeal was final "when Financial paid the Underlying Judgment for Lindig and Simmons."

Recognizing that the value of the prior judgment exceeded the limits of Lindig's insurance policy, the Bislands explain that Financial was only obligated to pay the policy limits at the time that the prior judgment became final as well as post-judgment interest on the policy limits until the judgment was paid. Specifically, the Bislands argue that Financial was obligated to pay $1,449,233.06. Accounting for the fact that Financial did ultimately pay the full amount of the prior judgment as well as post-judgment interest on that amount, the Bislands concede that Financial was entitled to a credit of $1,449,233.06. However, the Bislands insist that they were entitled to prejudgment interest on their third-party-beneficiary claim from the time that they filed the current suit to the date of the judgment in the current suit. In addition, the Bislands urged that they were entitled to recover prejudgment interest on the post-judgment interest "owed on the [prior] Judgment before Financial paid the [prior] Judgment." In total, the Bislands requested $134,489.14 for their third-party-beneficiary claim as well as prejudgment interest on that amount.

. . .

No one may bring a legal action against us under this Coverage Form until:

a. There has been full compliance with all the terms of this Coverage Form; and

b. Under Liability Coverage, we agree in writing that the insured has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial.

10

Even assuming that the Bislands were in the correct procedural posture to bring a third-party-beneficiary claim against Financial, *see Ratcliff v. National City Mut. Fire Ins.*, 735 S.W.2d 955, 957 (Tex. App.—Dallas 1987, writ dism'd w.o.j.) (explaining that "a person who sues for performance of a contractual obligation, whether as a party to the contract or as a third party beneficiary, must prove that all contractual conditions have been satisfied"), any right to enforce that agreement would have been extinguished when Financial paid the full value of the prior judgment and accompanying interest, including the value of the policy limits that the Bislands insist that they were entitled to when the trial court's judgment in the prior case became final. In other words, once Financial complied with the terms of the insurance policy and fulfilled its obligation to pay, the Bislands' ability to enforce the agreement and compel Financial to pay was exhausted. Although the Bislands attempt to morph Financial's alleged failure to timely pay into a new and independent cause of action, the amount requested for that claim as well as the credits that the Bislands afforded to Financial for paying the prior judgment demonstrate that the relief that the Bislands were seeking in the current suit was the time value for the delay in payment; however, as discussed previously, the Bislands were compensated for the delay in payment when Financial paid post-judgment interest on the damages awarded by the prior judgment, and the Bislands have not asserted that the amount paid as post-judgment interest was somehow deficient. *Cf. Osborne v. Jauregui, Inc.*, 252 S.W.3d 70, 75 (Tex. App.—Austin 2008, pet. denied) (explaining that plaintiff should not be compensated twice for same injury and that if plaintiff only suffered one injury but alleged multiple theories of liability, he can only recover once).

For all of these reasons, we cannot conclude that the Bislands conclusively established their right to recover under their alleged third-party-beneficiary claim for breach of contract.

Accordingly, we must conclude that the district court erred by granting the Bislands' motion for judgment notwithstanding the verdict and sustain Financial's issue on cross-appeal.

**The Bislands' Appeal**

In their appeal, the Bislands present three appellate issues. In their first and second issues, the Bislands argue that they are entitled to a new trial on their claim for attorney's fees because the evidence is legally and factually insufficient "to support the jury's refusal to award any attorney's fees." Essentially, the Bislands assert that because the district court granted their judgment notwithstanding the verdict, they prevailed on their third-party-beneficiary claim for breach of contract. Accordingly, the Bislands urge that they are entitled to attorney's fees by statute, *see* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2008) (allowing for recovery of attorney's fees in breach-of-contract claims); *see also Recognition Commc'ns, Inc. v. American Auto. Ass'n, Inc.*, 154 S.W.3d 878, 891 (Tex. App.—Dallas 2005, pet. denied) (stating that "award of attorney's fees is mandatory" in beach-of-contract suits "if there is proof of reasonableness of the fees"), and that evidence was presented during trial establishing the amount of their attorney's fees.

All of the Bislands' assertions in those two issues are based on the premise that the district court properly granted their judgment notwithstanding the verdict and determined that the Bislands were entitled to recovery on their third-party-beneficiary claim for breach of contract. Indeed, the Bislands concede on appeal that if they "were not entitled to prevail on this claim, then they would not be entitled to recover attorney's fees on this claim under any circumstances. . . . [A] party not entitled to prevail on a breach-of-contract claim is not entitled to recover attorney's fees on that same claim." Having determined that the district court improperly granted the Bislands'

12

motion for judgment notwithstanding the verdict and that the Bislands were not entitled to recover on their third-party-beneficiary claim, we overrule the Bislands' first two issues on appeal.

In their third issue on appeal, the Bislands contend that they are entitled to a new trial for attorney's fees because the district court erred by refusing to instruct the jury regarding their third-party-beneficiary claim for breach of contract. In making their argument, the Bislands note that their proposed jury charge contained an instruction stating that the Bislands were third-party beneficiaries under the policy issued by Financial and that Financial had an obligation to pay on the judgment in the prior case starting in February 2008.[7] Further, the Bislands note that during a hearing on the jury charge, they objected to the district court's decision to not include their requested instruction and that the objection was overruled.

Under the rules of civil procedure, a trial court "shall, whenever feasible, submit the cause upon broad-form questions" and "submit such instructions and definitions as shall be proper to enable the jury to render a verdict." Tex. R. Civ. P. 277. "An instruction is proper if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence." *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 855 (Tex. 2009). When deciding

---

[7] The proposed instruction reads as follows:

The Bislands were third-party beneficiaries under the Policy. Under the Policy, as of February 15, 2008, [Financial] had a legal duty to pay the Bislands an amount equal to (i) the sum of the Policy Limits and (ii) all post-judgment interest then owed on the Judgment. [Financial] also had a continuing and additional duty to pay the Bislands each day beginning on February 15, 2008, and ending on December 10, 2009, an amount equal to (i) the sum of the Policy Limits and (ii) the amount owed for post-judgment interest on the Judgment as of that day.

13

what jury instructions are necessary and proper, trial courts are afforded "broad discretion." *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 664 (Tex. 1999). On appeal, we review a trial court's jury-instruction determinations under an abuse-of-discretion standard. *Hawley*, 284 S.W.3d at 856. A trial court abuses its discretion when it rules "arbitrarily, unreasonably, or without regard to guiding legal principles." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

For the reasons compelling our determination that the district court erred by granting the Bislands' motion for judgment notwithstanding the verdict, we must also conclude that the district court did not abuse its discretion by omitting the requested instruction. Accordingly, we overrule the Bislands' final issue on appeal.

## CONCLUSION

Having overruled all of the Bislands' issues on appeal and having determined that the district court erred by granting the Bislands' motion for judgment notwithstanding the verdict, we reverse the district court's judgment and render judgment in favor of Financial in accordance with the jury's verdict. *See Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 834 (Tex. 2009).

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Henson
     Justice Henson not participating

Reversed and Rendered on Motion for Rehearing

Filed: June 21, 2013