# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20298
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

NAUTILUS INSURANCE COMPANY,

Plaintiff-Appellee

v.

BLANCA LILA VILLALTA, Individually and as next friend (surviving mother); ODIS ARMANDO VILLALTA, Individually and as next friend (surviving father) to Odis Steven Villalta,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-229

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:*

Blanca Lila Villalta and Odis Armando Villalta, each individually and as the surviving parents of Odis Steven Villalta (the "Villaltas"), appeal the district court's *sua sponte* grant of summary judgment for Nautilus Insurance Company ("Nautilus"). For the following reasons, we VACATE and REMAND with direction to ABATE or DISMISS the judgment for Nautilus.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20298

Odis Villalta was shot to death by a security officer employed by Bellaire Security Patrol, Inc. ("Bellaire"). The Villaltas filed a lawsuit in Texas district court against Bellaire and others (the "Villalta case"). Nautilus provides general liability insurance to Bellaire and filed suit in federal district court against the Villaltas, seeking a declaration that the policy issued to Bellaire provides no coverage for damages sought in the Villalta case. The federal district court, *sua sponte*, issued summary judgment for Nautilus, holding that Nautilus had no duty to defend Bellaire as a matter of law because the "all assault or battery" policy exclusion clearly applied. On appeal, the Villaltas raise two primary issues: (1) whether the district court erred in granting summary judgment concerning Nautilus's duty to defend; and (2) whether ruling on Nautilus's duty to indemnify is premature based on the underlying Villalta case, which remains pending in state court.

We need not address the policy's coverage because the Villaltas do not have a justiciable interest in the coverage dispute between Bellaire and Nautilus. The Villaltas and Bellaire entered into an agreement whereby: Bellaire agreed to the entry of a $2 million judgment against it in the underlying state case and agreed not to appeal, the Villaltas agreed not to execute on this judgment, and in exchange, Bellaire assigned any rights against Nautilus it may have under the Nautilus policy. This assignment is invalid as to Nautilus as a matter of law. *See State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996). Without a judgment or agreement that Bellaire has a legal obligation to pay damages to the Villaltas, the Villaltas cannot enforce the policy directly against Nautilus. *State Farm Cnty. Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam).

The district court's judgment is **VACATED** and **REMANDED** with direction to **ABATE** or **DISMISS** the judgment for Nautilus.